292 P.2d 465

**STATE of Arizona, Appellant,**

**v.**

**Jay Horace JOHNSON, Appellee.**

**No. 1077.**

Supreme Court of Arizona.

Jan. 17, 1956.

Robert Morrison, Atty. Gen., Wm. P. Mahoney, Jr., County Atty., of Maricopa County, Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, Dow Ben Roush, Phoenix, for appellee.

STRUCKMEYER, Justice.

On March 23, 1955, a direct information in two counts was filed in the Superior Court of Maricopa County, Arizona, charging the appellee, Jay Horace Johnson, with the offenses of driving an automobile while under the influence of intoxicating liquor and reckless driving. Both counts included allegations of prior convictions. The lower court sustained a motion to quash the information and the State has appealed, urging as error that the Superior Court is and was fully authorized under the applicable statutes and constitution of this state to hear and determine the offenses charged.

The information provides:

"Count I   Direct   Information   for Driving   an   Automobile While Under the Influence of   Intoxicating   Liquor (Prior conviction)

"Jay Horace Johnson is accused this 23rd day of March, 1955, by the County Attorney of Maricopa County, State of Arizona, by this information, of the crime of *driving an automobile while under the influence of intoxicating liquor (prior conviction)* committed as follows, to-wit:

"The said Jay Horace Johnson on or about the 22nd day of March, 1955, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there wilfully and unlawfully drive and operate a motor vehicle within the City of Phoenix, County of Maricopa, State of Arizona, while under the influence of intoxicating liquor.

"That the defendant Jay Horace Johnson was heretofore convicted on a plea of guilty in the City of Phoenix Municipal Court, County of Maricopa, State of Arizona, of the crime of Driving an Automobile While Under the Influence of Intoxicating liquor, a misdemeanor, said conviction being on the 7th day of January, 1951, and said de-

fendant being thereupon and there-after sentenced therefor."

Count II is similar as to the offense of reckless driving. Since the order of the court below quashed both counts of the information, what is said relative to Count I may likewise, in so far as applicable, be deemed pertinent to Count II. Before considering the appellee's basic arguments certain fundamental principles which control the disposition of this cause should be emphasized.

The offense of driving while under the influence of intoxicating liquor is defined and prohibited by Section 66–156, A.C.A. 1939 as amended. It is punishable as set forth in subsection (d) thereof:

"Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than 10 days nor more than 6 months, or by fine of not less than $100.00 nor more than $300.00, or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year in the county jail, and, in the discretion of the court, a fine of not more than $1,000.00."

■ While this court has never had cause to pass on the legal effect of the language used increasing the punishment for a subsequent conviction, we have held that an information which charged a prior conviction under the authority of Section 43–6111, A.C.A.1939 did not charge a new crime or different offense "but merely set forth facts which might affect the penalty". Valdez v. State, 49 Ariz. 115, 120, 65 P.2d 29, 31. We have re-examined this case and authorities from other jurisdictions, 5 A.L.R.2d 1101, and are of the opinion that the rule enunciated as controlling Section 43–6111 also is applicable to the subsequent violations forbidden by Section 66–156, driving an automobile while under the influence of intoxicating liquor. Consequently it is our conclusion that subsection (d) of 66–156, supra, does not create a different crime but simply provides a different punishment for repeating offenders.

■ Article 6, Section 6 of the Constitution of the State of Arizona and Section 19–302, A.C.A.1939, establish the jurisdiction of the Superior Court. It has concurrent jurisdiction with the justice courts over misdemeanors where the penalty does not exceed a fine of $300 or imprisonment for six months, and exclusive jurisdiction over misdemeanors where the offense is punishable by imprisonment in excess of six months or $300 fine or both. Adams v. Stanford, 19 Ariz. 237, 168 P. 641; Miami Copper Co. v. State, 17 Ariz. 179, 149 P. 758. Hence the Superior Court has jurisdiction to hear, determine and if necessary to impose a sentence for both first and subsequent offenses.

■ In this state the remedy of a motion to quash is available to a defendant

only on the grounds stated in Section 44–1005, A.C.A.1939. It is provided:

" * * * A motion to quash the indictment or information shall be available *only* on one (1) or more of the following grounds. * * * " (Emphasis supplied.)

▮ Appellee assigns four grounds to sustain the trial court's order quashing the information. Two of these are not grounds for quashing an information set forth in Section 44–1005 and therefore will not be considered. The remaining two grounds are:

"(d) That the * * * information contains a statement of matter which constitutes a legal * * * bar to the prosecution."

"(h) That the court trying the cause has no jurisdiction of the offense charged or of the person of the defendant."

However, appellee's arguments in support of these latter two grounds are not sufficient to bring him within the meaning of the language set forth.

▮ (1) It is urged that there is implied within Section 66–156 a limitation of a prosecution to those second offenses which occur within one year of the commission of the prior offense. We express no opinion as to the merits of this argument but simply point out that even if such were true the Superior Court would not be divested of jurisdiction to hear and determine the alleged second offense as a first offense. (2) The designation of the charge in the information as a "prior conviction" does not, as we have stated, create a new crime and therefore if it be erroneous, it likewise would not divest the Superior Court of jurisdiction nor bar the prosecution for it must be treated under Section 44–747, A.C.A.1939, as surplusage. (3) If the information charges a prior conviction in violation of Section 44–734, then the allegation of prior conviction should also be treated as surplusage for the obvious reason that the offense of driving a motor vehicle while under the influence of intoxicating liquor is sufficiently described without the allegation of prior conviction. (4) For the same reason, if the information states an offense and also incorporates matters which are not ingredients of the offense and which might be deemed to be unfair, prejudicial or violate due process of law, they should be treated by the trial court as surplusage. If the court declines to so treat them, the remedy is by appeal. (5) If in fact no prior conviction has actually been suffered by the defendant, such is a matter to be determined by the trial court and may likewise be grounds for an appeal but certainly not grounds for a motion to quash.

▮ We specifically express no opinion as to the merits of any of the arguments advanced by appellee but simply hold that the reasons assigned for quashing the information are not sufficient. Extraneous

matters in an information may be either disregarded under the authority of Section 44–747 or stricken as an amendment under the authority of the concluding sentence of Section 44–1005.

The order of the court below is vacated with directions to reinstate the information for further proceedings not inconsistent with this opinion.

LA PRADE, C. J., and UDALL, WIN-DES, and PHELPS, JJ., concurring.