717 P.2d 878

**STATE of Arizona, ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Nicholas UDALL, Judge Pro Tempore of the Superior Court of Maricopa County, Respondent,**

and

**Ronald Seymour FLOOD, Real Party in Interest.**

No. 18532–SA.

Supreme Court of Arizona, En Banc.

April 7, 1986.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Maricopa Co. Atty., Phoenix, for petitioner.

Michael J. Dew, Phoenix, for real party in interest.

HOLOHAN, Chief Justice.

On May 6, 1985, defendant Ronald Seymour Flood was charged by information with driving while under the influence of intoxicating liquor with two prior convictions for the same offense within 60 months. The offense charged is a class five felony under A.R.S. §§ 28–692(A) and —692.01(F). On December 4, 1985, Flood filed a motion for a bifurcated trial. He alleged that evidence of his two prior DWI convictions should not be admitted in the State's case in chief, but only after a determination of guilt of the underlying offense, the current DWI charge.

On December 10, 1985, Judge *Pro Tempore* Nicholas Udall granted Flood's motion for a bifurcated trial. The State filed a petition for special action on December 20, 1985. We accepted jurisdiction. Ariz. Const. art. 6, § (5)(1); 17A A.R.S. Special Actions, Rules of Proc., Rule 8.

There is a single issue before us: Are the two prior DWI convictions within 60 months elements of a separate or distinct crime of "Felony DWI" under A.R.S. § 28–692.01(F)?

The State urges this court to follow the rationale of *State v. Geschwind*, 136 Ariz.

360, 666 P.2d 460 (1983). In the *Geschwind* case, this court held that the requirement of proving a prior DWI conviction was an element of the offense defined in A.R.S. § 28–692.02; therefore evidence of the conviction had to be introduced in the State's case in chief rather than at a separate trial. The applicable statute at the time Geschwind was charged provided:

A person whose operator's or chauffeur's license is suspended, revoked or refused and *who commits the offense* of driving a vehicle while under the influence of intoxicating liquor or drugs *during such suspension, revocation or refusal,* or a person who has never applied for or obtained an operator's or chauffeur's license *who commits a second offense* of driving under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony.

1978 Ariz.Sess.Laws, ch. 201, § 469 (emphasis supplied). At the time of Geschwind's offense, the plain wording of the statute in force established that a prior DWI conviction was an element of the felony created by that statute. *Geschwind, supra,* at 362, 666 P.2d at 462.

 Unlike the statute in *Geschwind,* A.R.S. § 28–692(A) defines the offense and makes it unlawful "for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state." Once a conviction for violation of § 28–692 occurs, the punishment provisions of § 28–692.01 come into play. The applicable subsection, § 28–692.01(F), reads in pertinent part:

*If a person is convicted* of a third or subsequent violation of § 28–692 within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole....

(emphasis supplied). The classification of a DWI offense as a class five felony under § 28–692.01(F) is conditioned on conviction under A.R.S. § 28–692. The prior conviction is not an element of the basic offense, but a prior conviction does increase the penalty for that offense.

In *State v. Johnson (Jay Horace),* 80 Ariz. 45, 292 P.2d 465 (1956) under a statute somewhat similar to our current DWI statute, this court concluded that the language increasing punishment for a subsequent DWI conviction "does not create a different crime but simply provides a different punishment for repeating offenders." *Id.* at 48, 292 P.2d at 467. We have consistently held that statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create new, separate, or distinct offenses. *State v. Johnson (John Nick),* 120 Ariz. 170, 171, 584 P.2d 1161, 1162 (1978); *State v. Allen,* 111 Ariz. 125, 126, 524 P.2d 502, 503 (1974).

We hold that the provisions of A.R.S. § 28–692.01(F) increase the punishment for subsequent DWI convictions, but they do not constitute an element of the DWI offense. The judge *pro tempore* did not err in granting Flood's motion to bifurcate the trial under Ariz.R.Crim.P. 19.1(b). Relief is denied.

GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.

CAMERON, J., did not participate in the determination of this matter.