863 P.2d 906

**STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Lindsay Ellis, a judge thereof, Respondent Judge,**

**Edward A. WALKER, Real Party in Interest.**

**No. 1 CA–SA 93–0037.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 19, 1993.

Reconsideration Denied Dec. 15, 1993.

Richard M. Romley, Maricopa County Atty. by Mark K. Ainley, Deputy County Atty., Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by Rickey Watson, Deputy Public Defender, Phoenix, for real party in interest.

## OPINION

VOSS, Presiding Judge.

In this case we hold that a defendant charged with aggravated driving while under the influence of intoxicating liquor or drugs ("aggravated DUI") pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") § 28–697(A)(2) is not entitled to a bifurcated trial.

## FACTS AND PROCEDURAL HISTORY

In August 1992, Edward A. Walker ("defendant") was charged with two counts of aggravated DUI, class 5 felonies. The indictment alleges that defendant had two DUI convictions pursuant to A.R.S. § 28–

692 within the past sixty months. Prior to trial, the state filed a motion requesting a non-bifurcated trial arguing that the prior convictions were elements of aggravated DUI, not sentencing enhancers. The trial judge denied the state's motion stating that a bifurcated trial would avoid the possibility of prejudice. The state filed this special action and we accepted jurisdiction because this case presents a question of law of statewide importance and because the state has no equally plain, speedy or adequate remedy by appeal. Rule 1, Ariz.R.P. for Special Actions; *see State v. ex rel. Collins v. Superior Court*, 161 Ariz. 392, 393, 778 P.2d 1288, 1289 (App.1989). We subsequently vacated the trial court's order bifurcating the trial and stated that a written opinion would follow. This is that opinion.

## DISCUSSION

Defendant was charged pursuant to A.R.S. § 28-692 and § 28-692.01(F). In 1990, portions of A.R.S. § 28-692.01(F)[1] were removed and renumbered as A.R.S. § 28-692.02(A)(2). In 1992, A.R.S. § 28-692.02(A)(2) was renumbered as A.R.S. § 28-697(A)(2)[2] which provides:

A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:

. . . . .

2. Commits a third or subsequent violation of § 28-692 or this section or is convicted of a violation of § 28-692 or this section and has previously been convicted of any combination of convictions of § 28-692 or this section or acts committed in another state which if commit-

---

1. A.R.S. § 28-692.01(F) provided in relevant part:
    If a person is convicted of a third or subsequent violation of § 28-692 or is convicted of a violation of § 28-692 and has previously been convicted of any combination of convictions of § 28-692 or acts committed in another state which if committed in this state would be a violation of § 28-692 within a period of sixty months, the person is guilty of a class 5 felony....

2. For the purposes of this opinion, we will refer to A.R.S. § 28-697.

ted in this state would be a violation of § 28-692 or this section within a period of sixty months.

Defendant argues that Rule 19.1(b), Arizona Rules of Criminal Procedure, requires in all prosecutions where a prior conviction is alleged that the matter be bifurcated unless the prior conviction is an element of the crime. He contends that prior to 1990, A.R.S. § 28-692.01(F) provided for the classification and penalty of a person convicted of a third or subsequent violation of A.R.S. § 28-692. However, when the legislature amended A.R.S. § 28-692.01(F) and placed almost the same language in A.R.S. § 28-697(A)(2) it was merely placing in one statute the two ways in which a DUI conviction can become a felony. In essence, A.R.S. § 28-697(A)(2) remains a sentence enhancement statute and does not create a new substantive offense.

Defendant cites *State ex rel. Collins v. Udall*, 149 Ariz. 199, 717 P.2d 878 (1986) to support his argument. In *Udall*, the supreme court held that a defendant charged under former A.R.S. § 28-692.01(F) with two prior convictions was entitled to a bifurcated trial on the prior convictions because they were not an element of the underlying offense. *Id.* at 200, 717 P.2d at 879.

We pointed out in *State ex rel. Romley v. Superior Court*, 171 Ariz. 468, 470, 831 P.2d 844, 846 (App.1992), that former A.R.S. § 28-692.01(F), considered in *Udall*, subjected a repeat offender to a more severe penalty, elevating the crime from a misdemeanor to a felony. In *Romley*, the defendant was charged pursuant to A.R.S. § 28-697(A)(1).[3] *Id.* We held that A.R.S.

---

3. A.R.S. § 28-697(A)(1) provides:
    A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:
    1. Commits a violation of § 28-692 while the person's driver's license or privilege to drive is suspended, cancelled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating § 28-692 or under § 28-694.

**616**

§ 28–697 creates the new substantive offense of aggravated DUI. *Id.* We further held that subsection (A)(1) is an element of the offense of aggravated DUI because the state cannot convict a defendant of aggravated DUI unless it proves that defendant committed DUI while his driver's license was suspended or revoked. *Id.* at 471, 844 P.2d at 847.

The same analysis we applied in *Romley* applies here. Like subsection (A)(1) of A.R.S. § 28–697, subsection (A)(2) establishes an element of the substantive offense. The defendant must have violated A.R.S. § 28–692 twice within the sixty months previous to his arrest to be charged under A.R.S. § 28–697(A)(2) and the state cannot convict defendant unless it proves that fact. Therefore, subsection (A)(2) is also an element of the offense of aggravated DUI.

Defendant's argument that A.R.S. § 28–697 is merely a new way of stating sentence enhancement is without merit. A.R.S. § 28–697 creates a new substantive offense—aggravated DUI. The sentence enhancement provisions for DUI prosecutions that are not pursuant to the new aggravated DUI offense are still intact in A.R.S. § 28–692.

For the foregoing reasons, we vacate the trial court's order denying the state's motion for a non-bifurcated trial.

GERBER and LANKFORD, JJ., concur.