STATE of Wisconsin, Plaintiff-Respondent,

v.

David G. ALEXANDER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 96–1973–CR. Oral argument October 9, 1997.—Decided December 18, 1997.*

(Also reported in 571 N.W.2d 662.)

632

For the defendant-appellant-petitioner there were briefs by *Christopher A. Mutschler, Michele A. Tjader*, and *Barry S. Cohen, S.C.*, Elkhart Lake and oral argument by *Dennis M. Melowski*.

For the plaintiff-respondent the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. WILLIAM A. BABLITCH, J. The defendant David G. Alexander (Alexander) seeks review of his conviction for operating a motor vehicle while having a prohibited alcohol concentration of 0.08 or more, in violation of Wis. Stat. § 346.63(1)(b) (1993–94).[1] One of the three elements of this offense is that the defendant must have two or more prior convictions,

---

[1] All references to the Wisconsin Statutes are to the 1993-94 version unless otherwise indicated.

suspensions or revocations as counted under Wis. Stat. § 343.307(1).

¶ 2. The issue is whether the circuit court erroneously exercised its discretion when it allowed the introduction of evidence of two or more prior convictions, suspensions or revocations as counted under Wis. Stat. § 343.307(1), and further submitted that element to the jury when the defendant fully admitted to the element and the purpose of the evidence was solely to prove that element. Because we conclude that the purpose of the evidence was solely to prove the element of two or more prior convictions, suspensions or revocations, its probative value was far outweighed by the danger of unfair prejudice to the defendant. We conclude that admitting any evidence of the element of prior convictions, suspensions or revocations and submitting the element to the jury in this case was an erroneous exercise of discretion. However, because of the overwhelming nature of the evidence as to the defendant's guilt in this case, we also conclude that the error was harmless. Accordingly, we affirm.

¶ 3. This case was heard before a jury in the circuit court for Milwaukee County, Timothy G. Dugan, Judge, presiding. The arresting officer, Officer Gallagher of the Oak Creek Police Department, was the State of Wisconsin's (State's) only witness. He testified as follows. In the early morning hours of October 27, 1995, Officer Gallagher was driving northbound on South 27th Street in the City of Oak Creek when he noticed a vehicle approaching from behind. Officer Gallagher was driving in the right driving lane of the two-lane divided highway and the vehicle was approaching in the far right lane which was a turning lane. The vehicle approaching Officer Gallagher's car moved left from the turning lane in front of the officer's vehicle,

nearly striking the median strip and then moving forward as Officer Gallagher did a quick turn snap into the left lane to avoid a collision. After going through the intersection, Officer Gallagher observed the vehicle for about two more blocks. The vehicle went back and forth across the "fog line" (the far right illuminated line painted on the street), straddled the fog line, and struck the far right curb.

¶ 4. After these observations, the officer attempted to stop the vehicle. Driving approximately two car lengths behind the vehicle, Officer Gallagher turned on the red lights and flashers of his squad car. The vehicle did not stop. After several blocks, the officer turned on the siren and the vehicle pulled over.

¶ 5. When Officer Gallagher approached the vehicle the driver had opened the window and the officer smelled a strong odor of intoxicants on the driver's breath. Officer Gallagher noticed the driver had slurred speech and his eyes were red and glassy. At the officer's request, the driver readily produced his identification. The officer identified the driver as the defendant, Mr. David G. Alexander. In response to Officer Gallagher's questions, Mr. Alexander said that he had had a few drinks. Officer Gallagher asked Mr. Alexander to recite the alphabet. Mr. Alexander went through letters A to F very deliberately, correctly saying all those letters. Mr. Alexander then stopped, looked up at the officer and said, "You got me."

¶ 6. The officer then conducted three standard field sobriety tests. It was drizzling and the street surface was gently sloped upward, but the surface was generally flat. Although Mr. Alexander had no difficulty exiting his vehicle, he failed each of the field sobriety tests. Officer Gallagher informed him that he was under arrest for operating a motor vehicle while

intoxicated (OWI). The officer then transported Mr. Alexander to the Oak Creek Police Department.

¶ 7. At the police station, Officer Gallagher went over the "informing the accused" form with Mr. Alexander, ensured he understood each section and had him sign the form. This document informs the arrested person that he is under arrest for drunk driving and that he has implied his consent to provide a sample of his breath, blood or urine at the officer's request. The officer observed Mr. Alexander for 20 minutes as required by Wis. Admin. Code § Trans 311.06(3)(a) and then performed the Intoxilyzer test. The defendant's alcohol concentration was .24. The officer then wrote a second citation for driving with a prohibited alcohol concentration.

¶ 8. After issuing the second citation, Officer Gallagher completed the "alcoholic influence report" which, among other things, informs the defendant of his Miranda rights. The alcoholic influence report also contains a series of questions which the officer posed to the defendant. In response to the questions, Mr. Alexander stated that he did not know where he was coming from when he was stopped; that he was stopped at 11:00 p.m. (when he was really stopped at 3:05 a.m.); that he had been drinking beer; and that he was under the influence of an alcoholic beverage at the time he was answering these questions.

¶ 9. The defendant also testified at the trial. His testimony materially conflicted with the officer's testimony in only a few respects. Alexander testified that the turning lane in which he was driving continues through the intersection as a third lane. He stated that he did not quickly move to the left as he was going through the intersection. Also, rather than drizzling, he stated that it was raining fairly hard from the time

he saw the officer's vehicle through performing the field sobriety tests. Alexander also attempted to explain his actions during his arrest. He explained that when he told the officer, "You got me," he meant the officer caught him not being able to say the alphabet because he was so nervous. Alexander testified that his eyes were probably red and glassy because he had been awake for about 20 hours and he had been at a restaurant/bar with an open kitchen and smoky grill and people were smoking cigarettes. He further testified that he was not able to complete two of the field sobriety tests because his right knee has been operated on seven times over the years. Also, when asked if he was incapacitated when he was stopped, Alexander replied, "I didn't believe so. I felt fine."

¶ 10. Before the final pre-trial conference the defendant's counsel filed a motion in which the defendant offered to stipulate that his driving record correctly sets forth that he has two prior OWI convictions. With this offer to stipulate the defendant also filed a motion in limine requesting that the court order the State to refrain from introducing any evidence regarding the defendant's prior OWI convictions. Alexander also moved to modify the substantive jury instructions. The thrust of the defendant's proposals, as noted in the State's brief, was to eliminate the element regarding his prior convictions as a matter for the jury to determine at trial, and to have this element considered only by the court at sentencing. The State agreed to stipulate to the existence of the defendant's prior OWI convictions, but it refused to waive that portion of the jury trial which would be relevant to making a finding on that element.

¶ 11. The circuit court denied the defendant's motion and concluded that the State can be required to

stipulate to the fact that the defendant has two prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1) but that the State cannot be forced to waive any portion of the jury trial. Therefore, evidence regarding the element of the defendant's prior convictions, suspensions or revocations was presented to the jury although the extent of information that the State could introduce was limited.

¶ 12. After the judge's ruling on the defendant's motion the parties agreed to the judge's proposed jury instruction regarding their stipulation to the prior convictions:

> The District Attorney and defendant's attorney have stipulated to the following facts:
>
> On the date and time in question in this case that the defendant had two or more convictions, suspensions or revocations as counted under section 343.307(1) of the Wisconsin Statutes.

The judge also proposed giving the following cautionary instruction:

> Evidence has been received that the defendant has two or more convictions, suspensions or revocations as counted under section 343.307(1) of the statutes. This evidence is received solely because it bears upon the second element that the State must prove for the offense of driving with a prohibited alcohol concentration. It must not be used for any other purpose and, particularly, you should bear in mind that conviction, suspension or revocation as counted under section 343.307(1) at some previous time is not proof of the guilt of the offense now charged.

The parties agreed to this instruction as well.

¶ 13. The judge instructed the jury during both his preliminary and final instructions as to the elements of the offense including the element of two or more prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1). When the State rested its case and twice during his final instructions, the judge informed the jury of the parties' stipulation regarding the prior convictions and gave the above cautionary instruction.

¶ 14. The jury returned verdicts finding the defendant guilty of both charges: driving while under the influence of an intoxicant and driving with a prohibited alcohol concentration. The court granted the State's motion for judgment on the conviction and sentenced the defendant. The sentence was stayed pending appeal. The court of appeals concluded in an unpublished decision that it was error for the circuit court to allow the State to submit evidence of the prior convictions to the jury but that the error was harmless.

¶ 15. Alexander challenges the verdict finding him guilty of driving with a prohibited alcohol concentration in violation of Wis. Stat. § 346.63(1)(b) (reprinted below).[2] He makes two arguments. First, the circuit court erroneously exercised its discretion by allowing the jury to hear any evidence regarding his prior convictions. Second, the circuit court erroneously exercised its discretion by submitting to the jury the element that the defendant has two or more prior convictions, revocations or suspensions under Wis. Stat. § 343.307(1). The issue presented by this case is whether the circuit court erroneously exercised its dis-

_____

[2]"**Operating under influence of intoxicant or other drug. (1)** No person may drive or operate a motor vehicle while: . . . (b) The person has a prohibited alcohol concentration." Wis. Stat. § 346.63(1)(b).

cretion when it admitted evidence of the element of two or more prior convictions, suspensions or revocations under § 343.307(1) and submitted the element to the jury when the defendant fully admitted to the element and the purpose of the evidence was solely to prove that element.

¶ 16. The question of whether to admit evidence is within a circuit court's discretion. *See State v. Brecht*, 143 Wis. 2d 297, 320, 421 N.W.2d 96 (1988). This court will reverse a discretionary decision when the circuit court erroneously exercises its discretion because it bases its decision upon an error of law. *See Marten Transport v. Hartford Specialty*, 194 Wis. 2d 1, 13, 533 N.W.2d 452 (1995) (citing *Jesse v. Danforth*, 169 Wis. 2d 229, 246, 485 N.W.2d 63 (1992)).

¶ 17. The crime of Operating a Motor Vehicle with a Prohibited Alcohol Concentration of 0.08 or more has three elements. The first element is that a defendant drove or operated a motor vehicle on a highway. The second element is that at the time a defendant drove or operated a motor vehicle, he or she had two or more prior convictions, suspensions or revocations as counted under Wis. Stat. § 343.307(1). *See* Wis. JI—Criminal 2660B (1993); *see also State v. Ludeking*, 195 Wis. 2d 132, 141, 536 N.W.2d 392 (Ct. App. 1995). Section 343.307(1) includes convictions for OWI, and convictions, suspensions or revocations for refusal to submit to the chemical tests for alcohol. *See* Wis. JI—Criminal 2660B, n.10. The third element of this offense is that a defendant had a prohibited alcohol concentration at the time he or she drove or operated the motor vehicle. *See* Wis. JI—Criminal 2660B. If a defendant has two or more prior convictions, suspen-

sions or revocations under § 343.307(1), the prohibited alcohol concentration is 0.08 grams or more of alcohol in 210 liters of the person's breath, or 0.08 percent or more by weight of alcohol in the person's blood. *See* Wis. JI—Criminal 2660B; *see also* Wis. Stat. § 340.01(46m)(b). If a defendant has only one or no prior convictions, suspensions or revocations under § 343.307(1), the prohibited alcohol concentration is 0.10 or more of alcohol in 210 liters of the person's breath, or 0.10 percent or more by weight of alcohol in the person's blood. *See* Wis. JI—Criminal 2660A; *see also* § 340.01(46m)(a).

¶ 18.    The issue in this case hinges on the exercise of the circuit court's discretion under Wis. Stat. § 904.03 (reprinted below).[3] This statute, which is parallel to Federal Rule of Evidence 403 (reprinted below),[4] provides that relevant evidence may be excluded if its probative value is substantially outweighed by its unfair prejudicial effect.

¶ 19.    As a threshold matter, there is no question that evidence which serves to prove an element of a crime is relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of

---

[3] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Wis. Stat. § 904.03.

[4] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

consequence to the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01. In this case, the defendant's offer to stipulate to his prior OWI convictions was essentially an admission that he met the second element of the charged crime—operating with a prohibited alcohol concentration. This admission is relevant evidence.

¶ 20.  To be excludable, the relevant evidence must not be simply prejudicial. Nearly all of the State's evidence is prejudicial to the defendant in some way. *See State v. Murphy*, 188 Wis. 2d 508, 521, 524 N.W.2d 924 (Ct. App. 1994). To be excludable, the evidence must be unfairly prejudicial.

¶ 21.  "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 117 S.Ct. 644, 650 (1997) (citations omitted);[5] *see also State v. Patricia A.M.*, 176 Wis. 2d 542, 500 N.W.2d 289 (1993). " 'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Christensen v. Economy Fire & Cas. Co.*, 77 Wis. 2d 50, 61 n.11, 252 N.W.2d 81 (1977) (quoting FRE 403, Advisory Committee Notes). Where prior convictions is an element of the charged crime, the risk of a jury using a defendant's prior convictions as evidence of his or her propensity or bad character is great. And where the prior offense is similar or of the same nature or charac-

---

[5] Because we rely on *Old Chief*, we will discuss that opinion in more detail later in this opinion.

ter as the charged crime, the risk of unfair prejudice is particularly great. *See Old Chief*, 117 S.Ct. at 652.

¶ 22. The Wisconsin Criminal Jury Instructions Committee (Committee) recognized the inherent danger of unfair prejudice to a defendant of admitting any evidence of the defendant's prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1) and submitting the element to the jury. *See* Wis. JI—Criminal 2660–2665 Introductory Comment at 7. The Committee suggested that at the defendant's request the court give a cautionary instruction to the jury explaining that evidence of the prior offenses is relevant only as to the status of the defendant's driving record and should not be used for any other purpose. *See* Wis. JI—Criminal 2660B. The Committee recognized, however, that "the potential prejudice to the defendant may be significant and may not be adequately cured by a limiting instruction." Wis. JI—Criminal 2660–2665 Introductory Comment at 7. We agree with the Committee's concerns.

¶ 23. Evidence of prior convictions may lead a jury to convict a defendant for crimes other than the charged crime, convict because a bad person deserves punishment rather than based on the evidence presented, or convict thinking that an erroneous conviction is not so serious because the defendant already has a criminal record. *See Old Chief*, 117 S.Ct. at 650–651 (citations omitted); *see also Whitty v. State*, 34 Wis. 2d 278, 292, 149 N.W.2d 557 (1967); *State v. Landrum*, 191 Wis. 2d 107, 122, 528 N.W.2d 36 (Ct. App. 1995). A jury is likely to rely on the prior convictions as evidence of a defendant's bad character so as to "deny him a fair opportunity to defend against a particular

charge." *Old Chief*, 117 S.Ct. at 651 (quoting *Michelson v. United States*, 335 U.S. 469, 475–76 (1948)).

¶ 24.  In *Old Chief*, the accused was charged with assault with a dangerous weapon and unlawful possession of a firearm after being convicted of a crime punishable by more than one year. Because the defendant's prior conviction was for assault causing serious bodily injury, he was particularly concerned that information regarding his previous assault conviction would improperly influence the jury in the current assault charge.

¶ 25.  In the present case informing the jury of the parties' stipulation that the defendant had two or more convictions, suspensions or revocations as counted under Wis. Stat. § 343.307(1) was certainly less prejudicial than introducing the defendant's driving record would have been. Nonetheless, as we discuss later in this opinion, in a case where the defendant is charged with driving with a prohibited alcohol concentration and the jury is informed that he or she has two or more prior convictions, suspensions or revocations, it is highly probable that the jury will infer that the prior offenses are driving offenses and likely OWI offenses.

¶ 26.  The element that the defendant has two or more prior convictions is a status element of the offense which places him or her in a certain category of alleged offenders. *See Old Chief*, 117 S.Ct. at 649. Any evidence of the defendant's admission to his prior OWI convictions has little probative value as to whether the defendant was operating a motor vehicle with a prohibited alcohol concentration. The status element is completely "dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against [the defendant]." *Id.*

at 654–55. If evidence is admissible for some other reason, such as proving motive or intent, Wis. Stat. § 904.04(2) regarding other crimes evidence guarantees the State the opportunity to seek its admission. *See id.* at 655. At oral argument, counsel for the State conceded that evidence of the defendant's prior convictions is not admissible for any purpose under § 904.04(2). We agree. Accordingly, there is no probative value to this evidence other than to prove the defendant's status. Evidence of the status element is wholly independent of the concrete events that make up the gravamen of the offense, operating a motor vehicle with a prohibited alcohol concentration.

¶ 27.   There seems little doubt that the evidence of the defendant's prior convictions, suspensions or revocations should be excluded and the status element not submitted to the jury because the probative value of the defendant's admission is substantially outweighed by the danger of unfair prejudice to the defendant. However, the State makes three arguments to support its position that the circuit court did not erroneously exercise its discretion when it admitted evidence of the defendant's prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1) and submitted that status element to the jury. First, the State argues that not submitting the element to the jury was, in effect, a partial jury waiver which required the State's consent. Second, the State argues that the evidence had to be admitted to fulfill juror's expectations. Finally, the State argues that the evidence is necessary for a full evidentiary narrative which allows the State its right to a fair trial and opportunity to convict. We will address each argument in turn.

¶ 28.   The State asserts that not submitting the status element to the jury is a partial jury waiver. The

State argues that a defendant has no right to a trial by a judge alone and therefore, has no right to a trial only by a judge on one element. The State's argument, however, is misplaced: this is not an issue of jury waiver. We agree that the defendant cannot waive a jury trial on the case or any part of the case without the State's consent and the court's approval. *See, e.g.*, Wis. Stat. § 972.02(1). If the parties agree to a full or partial jury waiver, the case or portion of the case is tried before the court. *See State v. Livingston*, 159 Wis. 2d 561, 565–66, 464 N.W.2d 839 (1991). However, Alexander does not propose that the element of his prior convictions be taken from the jury and determined by the judge alone. He admits to the status element that he has two or more prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1). His admission dispenses with the need for proof of the status element, either to a jury or to a judge. *See, e.g., State v. Wideman*, 206 Wis. 2d 90, 104, 556 N.W.2d 737 (1996) (citing *State v. Meyer*, 258 Wis. 326, 338–39, 46 N.W.2d 341 (1951) (both cases regarding penalty enhancer statutes). Accordingly, this is not an issue of partial jury waiver, but one where the defendant has given up his right to a trial on that element.

¶ 29. The State also argues that evidence of the defendant's prior convictions is necessary to fulfill jurors' expectations. We agree that jurors bring certain expectations and knowledge to the courtroom. The State argues that if the jury is not told why the prohibited alcohol concentration for Mr. Alexander is 0.08 or more instead of the more common prohibited alcohol concentration of .10 or more, the jury may think the lower alcohol concentration is a mistake. Alternatively, the jury might think that Mr. Alexander is being unfairly singled out for harsher treatment. Also, the

interrupted by gaps of abstraction, "and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." *Old Chief*, 117 S.Ct. at 654. The jury could draw a negative inference against the party who disappoints them and react with a not guilty verdict even though they are fully satisfied of all the elements of the crime. *See Old Chief*, 117 S.Ct. at 654 (citing Saltzburg, A Special Aspect of Relevance: Countering Negative Inferences Associated with the Absence of Evidence, 66 Calif. L.Rev. 1011, 1019 (1978)).

¶ 30.   We are not persuaded by the State's argument. First, jurors are frequently told what the law is and are asked to apply it. If the jury is instructed that the prohibited alcohol concentration is 0.08, it is presumed that they will follow that instruction. *See State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). Second, the State provides no support for its assertion that it is common knowledge that the usual prohibited alcohol concentration is .10. As counsel for defendant pointed out at oral argument, there are different prohibited alcohol concentrations for different circumstances. For example, the prohibited alcohol concentration for commercial drivers is 0.04 (Wis. Stat. § 343.305(4m)(a)), but an alcohol concentration of 0.00 is a condition of an occupational license for second and subsequent offenders. Wis. Stat. § 343.10(5)(a)2.

¶ 31.   The State also argues that any unfair prejudicial impact of admitting evidence and submitting the status element of the defendant's prior convictions to the jury is minimal because the jurors do not have the foggiest idea what kind of convictions, suspensions or revocations are counted under § 343.307(1) of the

Wisconsin Statutes. We disagree. A strength of our jury system is that "jurors. . .bring their experiences, philosophies, and common sense to bear in their deliberations." *State v. Messelt*, 185 Wis. 2d 254, 264, 518 N.W.2d 232 (1994). It is highly likely that jurors' experiences and common sense would tell them that when a defendant is charged with driving with a prohibited alcohol concentration, the prior convictions, suspensions or revocations as counted under § 343.307(1) of the Wisconsin Statutes must be driving offenses and likely drunk-driving offenses. The words "suspensions or revocations" in a case where the defendant is charged with driving with a prohibited alcohol concentration, in particular raise the inference that the prior offenses are also driving offenses. The unfair prejudicial impact of the evidence and status element itself is not minimal.

¶ 32.    Finally, the State argues that the evidence is necessary for the State's full evidentiary narrative which allows the State its right to a fair trial and opportunity to convict. In general, we agree. When a court balances the probative value against the unfair prejudicial effect of evidentiary alternatives, the court must also be cognizant of and consider a party's need for "evidentiary richness and narrative integrity in presenting a case. . . ." *Old Chief*, 117 S.Ct. at 651. " 'To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.' " *Id.* at 653 (quoting *Dunning v. Maine Central R. Co.*, 39 A. 352, 356 (1897)). The persuasive power of a narrative story is an essential ingredient to the State's right to prosecute. Substituting concrete tangible evidence with abstract assertions is an unsatisfactory substitute for telling a complete

story. "[A] piece of evidence may address any number of separate elements, striking hard just because it shows so much at once. . . ." *Old Chief*, 117 S.Ct. at 653.

> Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.

*Id.* A descriptive narrative assists the jury in ascertaining what the defendant has thought and done and establishes human significance.

¶ 33. Evidence may be particularly important to fill gaps in the narrative. "[O]ther crimes evidence is admissible 'to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.' " *State v. Pharr*, 115 Wis. 2d 334, 348, 340 N.W.2d 498 (1983) (quoting *Bailey v. State*, 65 Wis. 2d 331, 347, 222 N.W.2d 871 (1974)).

¶ 34. Nevertheless, we conclude, as did the Court in *Old Chief*, that the prosecution's need for "evidentiary depth to tell a continuous story has. . .virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Old Chief*, 117 S.Ct. at 654–55. Proof of a status element goes to an element entirely outside the gravamen of the offense: operating a motor vehicle with a prohibited alcohol concentration. The evidence has no place in the State's story, other than to lead the jurors to think that because the defendant has two prior convictions, sus-

pensions or revocations, he was probably driving while intoxicated on the date in question.

¶ 35. We conclude that introducing evidence of the defendant's prior convictions, suspensions or revocations served no purpose other than to prove the status element of the charged offense. Admitting this evidence to prove this status element, and submitting the status element to the jury adds nothing to the State's evidentiary depth or descriptive narrative. It does nothing to fulfill a juror's expectations. This evidence and element does, however, tell a juror that the defendant has had a problem in the past, probably with drinking and driving. It raises an inference that the defendant has a bad character and a propensity to drink and drive, and that is the very result prohibited by the rules of evidence.

¶ 36. We recognize that in *Old Chief* the Court excluded the name and nature of the defendant's prior felony conviction as unfairly prejudicial but allowed the element of the prior offense to go to the jury. *See Old Chief*, 117 S.Ct. at 655. The most obvious reason the Court did not consider excluding the element entirely is that the defendant did not raise that as an issue. Before the trial the defendant moved for an order that the government be restricted from offering any information about the defendant's prior felony conviction except to say that he had been convicted of a crime punishable by imprisonment exceeding one year. *See id.* at 648. It is also likely that the Court did not exclude the status element entirely because it recognized the government's need to introduce the element to complete its story. In most states it is not illegal to possess a firearm. If, in *Old Chief*, the government only proved that the defendant possessed a firearm, most jurors would probably wonder what crime had been commit-

ted. To complete its story, the government needed to prove that the defendant had a prior felony conviction. Specifically, the government needed to explain that while most people may possess firearms legally, it is illegal for convicted felons to possess firearms.

■

¶ 37. Weighing the probative value of the evidence of the defendant's prior convictions, suspensions or revocations against the unfair prejudicial effect to the defendant, where the sole purpose of the evidence is to prove the status element, we conclude that the probative value is virtually nil. Second, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Because the prior convictions are of the same nature and character of the charged offense, the jury is likely to engage in propensity or bad character reasoning.

¶ 38. Accordingly, we hold that when the sole purpose of introducing any evidence of a defendant's prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1) is to prove the status element and the defendant admits to that element, its probative value is far outweighed by the danger of unfair prejudice to the defendant. We hold that admitting any evidence of the defendant's prior convictions, suspensions or revocations and submitting the status element to the jury in this case was an erroneous exercise of discretion.

¶ 39. When a circuit court is faced with the circumstances presented in this case, the circuit court should simply instruct the jury that they must find beyond a reasonable doubt that: 1) the defendant was driving or operating a motor vehicle on a highway; and 2) the defendant had a prohibited alcohol concentration at the time he or she drove or operated the motor vehi-

cle. The "prohibited alcohol concentration" means 0.08 grams or more of alcohol in 210 liters of the person's breath or 0.08 percent or more by weight of alcohol in the person's blood. *See* Wis. JI—Criminal 2660B. The jury is charged to follow the instruction. *See Poellinger*, 153 Wis. 2d at 507.

¶ 40.   The Wisconsin Court of Appeals has held that admitting evidence of a defendant's prior convictions is proper because prior convictions, suspensions or revocations is an element of the charged crime. *See Ludeking*, 195 Wis. 2d at 141. Although we agree that prior convictions, suspensions or revocations is an element of the crime of driving with a prohibited alcohol concentration, third offense, we do not agree that it automatically follows that admitting evidence of this element in this case is proper. To the extent that any language in *Ludeking* is inconsistent with our holding in this case, it is overruled.

■■

¶ 41.   We next turn to the question of whether allowing any evidence regarding the defendant's prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1) and submitting the status element to the jury was harmless error. We conclude that because of the overwhelming nature of the evidence as to the defendant's guilt, admitting any evidence regarding his prior convictions, suspensions or revocations, and submitting the status element to the jury was harmless error.

¶ 42.   The test for harmless error is:

> whether there is a reasonable possibility that the error contributed to the conviction. If it did, reversal and a new trial must result. The burden of proving no prejudice is on the beneficiary of the error, here

the state. The state's burden, then, is to establish that there is no reasonable possibility that the error contributed to the conviction.

*State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985) (citations omitted). The analysis focuses on "whether the error 'undermines confidence in the outcome.'" *Id.* at 545 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

¶ 43.   In this case there is no reasonable possibility that the error, admitting any evidence regarding the defendant's prior convictions, suspensions or revocations, and submitting the status element to the jury, contributed to the conviction. The officer testified that Alexander quickly changed lanes, causing the officer to make a quick turn snap to avoid a collision. The officer also testified that he saw Alexander's vehicle weave back and forth across the fog line, straddle the fog line and strike the curb. When the officer stopped Alexander's car and approached the vehicle, he noticed a strong smell of intoxicants on the defendant's breath. Alexander's eyes were red and his speech was slurred. Alexander could not recite the alphabet and stated to the officer, "You got me." Alexander also failed the three field sobriety tests. The Intoxilyzer test showed that Alexander had an alcohol concentration of .24—three times the applicable legal limit. Finally, in response to questions on an "alcoholic influence report," Alexander stated that he did not know where he was coming from when he was stopped. He admitted that he had been drinking beer and that he was under the influence of alcohol at the time he was answering the questions.

¶ 44.   Given the overwhelming evidence against Alexander, we conclude that there is no reasonable

possibility that admitting any evidence of his prior convictions, suspensions or revocations and submitting the status element to the jury contributed to his conviction for driving with a prohibited alcohol concentration. The error was harmless. Therefore, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.