973 P.2d 1198

STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,

v.

The Honorable Frank T. GALATI, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Russell K. Petersen, Real Party in Interest.

No. 1 CA–SA 98–0143.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 10, 1998.

Review Granted April 14, 1999.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Petitioner.

Dean W. Trebesch, Maricopa County Public Defender by John Rock, Deputy Public Defender, C. Daniel Carrion, Deputy Public Defender, Russell G. Born, Deputy Public Defender Attorneys, Phoenix, for Real Party in Interest.

Michael J. Dew, Attorney, Phoenix, for Amicus Curiae City of Phoenix Public Defender Contract Administrator's Office.

## OPINION

NOYES, Judge

¶ 1 Defendant, real party in interest Russell K. Petersen, was charged with two counts of aggravated driving under the influence ("DUI"), in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 28–697(A)(1) and (2) (1996) (renumbered as 28–1383(A)(1) and (2) (1998)). The aggravating element of Count 1 was that the new DUI was committed when Petersen's driver's license was suspended, canceled, revoked or refused, or restricted. The aggravating element of Count 2 was that Petersen had two prior DUI convictions within the previous sixty months.

¶ 2 Petersen offered to stipulate to the aggravating elements on condition that the jury not hear about them. In essence, Petersen wanted to plead "guilty" to the aggravating elements and "not guilty" to the DUI elements. Petersen agreed that, if the jury found him guilty of DUI, the court could enter judgment on the two counts of aggravated DUI. The State argued that the aggravating elements could not be kept from the jury.

¶ 3 The trial court found that the prejudice from the aggravating elements was obvious, and that, if Petersen admitted those elements, the State had no need to present evidence of them. "Here," found the trial court, "there is no probative value to the evidence once the defendant has admitted it." The court ruled that it would conduct a "modified guilty plea proceeding" in which Petersen could knowingly, intelligently, and voluntarily admit the aggravating elements. If the trial court accepted the admission, trial would proceed on the DUI elements, and the jury would know nothing about the aggravating elements.

¶ 4 The State filed a petition for special action to obtain relief from this order. We accepted jurisdiction because the petition raises an issue of law that is of statewide importance. We grant relief because the trial court's order, as reasoned as it is, is contrary to controlling Arizona authority. We begin, however, with a case that arguably supports the trial court.

¶ 5 *State v. Leonard,* 151 Ariz. 1, 725 P.2d 493 (App.1986), found that the trial court should have accepted the same sort of stipulation that the trial court proposed to accept in this case. *Leonard* found that "[t]he defendant's stipulation regarding his priors satisfied the felony DWI statute. The state's only motive in putting the priors before the jury was to prejudice the defendant on the pending charge by encouraging the jury to hastily conclude that 'if he's done it before, he's guilty now.'" *Id.* at 8, 725 P.2d at 500.

¶ 6 In *Leonard,* however, the prior convictions were not elements of the charged offense. Leonard was charged under former A.R.S. section 28–692.01(F), the provisions of

which "increase the punishment for subsequent DWI convictions, but they do not constitute an element of the DWI offense." *State v. Udall*, 149 Ariz. 199, 200, 717 P.2d 878, 879 (1986). After *Leonard* was decided, the legislature enacted the present aggravated DUI statute, which made elements out of the enhancement factors. *See State ex rel. Romley v. Superior Ct.*, 171 Ariz. 468, 471, 831 P.2d 844, 847 (App.1992) (suspended license is an element of A.R.S. § 28–697(A)(1)); *State v. Superior Ct. (Walker)*, 176 Ariz. 614, 616, 863 P.2d 906, 908 (App. 1993) (repeat offender status is an element of A.R.S. § 28–697(A)(2)). Whereas *Leonard* involved sentence enhancements, and so must be distinguished, *State v. Rebollosa*, 177 Ariz. 399, 868 P.2d 982 (App.1993), involved elements of the charged offense, and so is right on point.

¶ 7 In *Rebollosa*, an aggravated DUI defendant stipulated that his license was suspended, then later argued that his counsel was ineffective for allowing the jury to hear about the stipulation. *See id.* at 400, 868 P.2d at 983. In finding no error, we stated, "We disagree with *Leonard* to the extent that it implies that a stipulation concerning an element of the charged offense that is accepted by all parties must be kept from the jury." *Id.* at 401, 868 P.2d at 984. *Rebollosa* held that "[t]he jury could not be deprived of a dispositive stipulation concerning one of the essential elements of the offense." *Id.* at 402, 868 P.2d at 985. This holding relied on *State v. Geschwind*, 136 Ariz. 360, 363, 666 P.2d 460, 463 (1983). We agree that *Geschwind* controls this issue.

¶ 8 *Geschwind* involved two counts of aggravated DUI; the aggravating factors were that defendant's California driver's license was suspended, and that this was his second Arizona DUI without an Arizona driver's license. *Id.* at 361, 666 P.2d at 461. The trial court admitted evidence of the prior conviction, defendant was convicted, and the court of appeals reversed on grounds that this evidence was so prejudicial that "[t]he trial court should have followed the procedure set forth in Rule 19.1(b) even though the fact of the first conviction was technically an 'element of the offense.'" *State v. Geschwind*,

136 Ariz. 380, 383, 666 P.2d 480, 483 (App. 1982). Then and now, Rule 19.1(b), Arizona Rules of Criminal Procedure, provides that "[i]n all prosecutions in which a prior conviction is alleged, *unless such conviction is an element of the crime charged*," the defendant is entitled to a bifurcated trial (emphasis supplied).

¶ 9 The supreme court vacated that part of the court of appeals' opinion; it held that the prior DUI conviction "is squarely within the express exception contained in the first sentence of rule 19.1(b), for cases in which the prior conviction is an element of the crime charged." *Geschwind*, 136 Ariz. at 362, 666 P.2d at 462. The court stated,

> Our characterization of the prior conviction as an element of the crime rather than a mere sentencing consideration settles the question of appellant's entitlement to a bifurcated trial. The procedure used in the trial court, as to proof of the prior DWI conviction, was proper under 17 A.R.S. Rules of Criminal Procedure, rule 19, because proof of the prior conviction was part of the state's burden of proving all the elements of the crime charged.

*Id.* The court held that, where the prior conviction is an element of the present charge, "evidence of the underlying crime or specified conduct cannot be precluded as irrelevant or unfairly prejudicial." *Id.* at 363, 666 P.2d at 463. In the present case, the trial court found that evidence of the aggravating elements should be precluded as irrelevant and unfairly prejudicial once Petersen admitted them. Thus, the trial court's preclusion order cannot be squared with the supreme court's holding in *Geschwind*.

¶ 10 Petersen argues that the trial court's order is supported by *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). That case is not inconsistent with *Geschwind*. Old Chief was charged with being a felon in possession of a firearm. He offered to stipulate to the jury that he had been convicted of a felony, but he did not want the jury to hear that his prior was for assault resulting in serious bodily injury. *See Old Chief, id.* at 175, 117 S.Ct. at 648. Old Chief reasoned that, given his stip-

ulation, the probative value of the name and nature of the prior conviction was substantially outweighed by its prejudicial effect. *See id.* The trial court allowed the government to prove the name and nature of the prior, the court of appeals affirmed, and the United States Supreme Court reversed. The Supreme Court noted that, although the name and nature of the prior conviction was material, it was also "unfairly prejudicial" because of its capacity to "lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* at 650.

¶ 11 One significant difference between *Old Chief* and the present case is this: Whereas Old Chief wanted his stipulation *read* to the jury, Petersen wants his stipulation *kept* from the jury. *Old Chief* does not support the notion that elements of a crime can be kept from the jury, nor does it address the bifurcation issue that was raised and resolved in *Geschwind*.

■ ¶ 12 The trial court reasoned that Petersen was not seeking a bifurcation "because there will be only one trial, not two." We disagree. Petersen was seeking to bifurcate the DUI elements from those that aggravated the DUI to a Class 4 felony. That the "modified guilty plea" to the aggravating elements would precede the DUI trial makes it a cart-before-the-horse bifurcation, perhaps, but it is nevertheless a bifurcation of issues. Also, if Petersen prevails here, similarly situated defendants will have good reason to argue for a bifurcation that is not conditioned on a pretrial "modified guilty plea" to the aggravating elements.

¶ 13 The trial court's order is consistent with the reasoning and holding in *State v. Alexander*, 214 Wis.2d 628, 571 N.W.2d 662 (1997). Alexander was charged with DUI with two prior convictions. He offered to stipulate to the priors, and he moved to prevent the State from offering evidence of them. *See id.* at 666. The trial court admitted evidence of the priors. The Wisconsin Supreme Court, construing a statute that parallels Rule 403 of the Federal Rules of Evidence, and extending *Old Chief,* held that the prior convictions should have been kept from the jury. *See id.* at 672. *But see*

*Maibauer v. State*, 968 S.W.2d 502, 506–07 (Tex.App.1998) (refusing to extend *Old Chief* to DUI cases).

¶ 14 *Alexander* is well-reasoned, but it is no authority for an Arizona trial or intermediate appellate court to fail to follow *Geschwind* in a case such as this. Only the Arizona Supreme Court can decide whether to modify *Geschwind* and Rule 19.1(b) in light of the principles expressed in *Old Chief* and *Alexander.* We also note that the trial court's bifurcation order has an obstacle in addition to *Geschwind:* We have held that "a jury must actually find a defendant guilty of an element before a judge may use that element to increase the sentence or classification of offense." *State v. Virgo,* 190 Ariz. 349, 354, 947 P.2d 923, 928 (App.1997).

¶ 15 The bifurcation order is vacated.

PHILIP E. TOCI, Judge CONCURRING.

KLEINSCHMIDT, Judge, Dissenting.

¶ 16 I respectfully dissent. I do not agree that this case is controlled by *State v. Geschwind,* 136 Ariz. 360, 666 P.2d 460 (1983). Assuming that I am correct in that respect, I believe that *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and a case decided by the Supreme Court of Wisconsin, *State v. Alexander,* 214 Wis.2d 628, 571 N.W.2d 662 (Wis.1997), offer good reasons to uphold the trial court's decision forbidding the State from presenting evidence of the Defendant's prior convictions to the jury.

¶ 17 I will explain why I do not believe *Geschwind* controls this case. In *Geschwind,* our supreme court, citing Rule 19.1(b) of the Arizona Rules of Criminal Procedure, held that a defendant accused of driving while intoxicated who had a prior conviction for the same offense was not entitled to a bifurcated trial on the issue of the prior conviction because the fact of the prior was an element of the offense charged. 136 Ariz. at 362, 666 P.2d at 462. The defendant in *Geschwind* did not offer to stipulate that he had a prior conviction so that, if his request had been granted, the state would have been put to the trouble of trying two separate cases and to the added peril of having the defendant be

acquitted on the element of the prior conviction. That is not the case here. If the jury finds that Petersen was driving under the influence, he, having already judicially admitted the existence of prior convictions and the suspension, will be adjudged guilty of the felony with which he is charged.

¶ 18   I do not believe that Rule 19.1(b), which provides that the defendant is entitled to a bifurcated trial when priors are alleged unless the prior conviction is an element of the crime charged, forbids what the trial judge did in this case. I think the rule is sufficiently flexible to permit the court to keep the knowledge of the prior conviction from the jury when guilt on that element of the crime has been conclusively established.

¶ 19   I turn to the two cases that support the trial judge's decision not to put to the jury the issue of the prior conviction and suspension. The first is *Old Chief,* in which the defendant was charged with being a felon in possession of a firearm. 519 U.S. at 174, 117 S.Ct. 644. He had previously been convicted of aggravated assault. Fearing that knowledge of that fact would prejudice the jury, the defendant offered to stipulate that he had a prior felony conviction, asserting that if he did so, the name and nature of the prior felony would be inadmissible because, under Rule 403 of the Federal Rules of Evidence, the probative value of the evidence was outweighed by its prejudicial effect. *Id.* at 175, 117 S.Ct. 644. The prosecutor rejected the stipulation, insisting on proving his case in his own way. *Id.* at 177, 117 S.Ct. 644. The trial court ruled in favor of the prosecution, and the court of appeals affirmed.

¶ 20   The Supreme Court reversed. It acknowledged that the name and nature of the prior felony conviction was material, but it also recognized that the introduction of that evidence would be unfairly prejudicial. *Old Chief,* 519 U.S. at 180, 117 S.Ct. 644. The Court noted that the name and nature of the prior conviction might lead the jury to convict on the general notion that "a bad person deserves punishment." *Id.* at 181, 117 S.Ct. 644 (quoting *United States v. Moccia,* 681 F.2d 61, 63 (1st Cir.1982)). It conceded that there are reasons for allowing the

prosecution to prove its case the way it chooses when a stipulation will rob the evidence of its "fair and legitimate weight." *Id.* at 187, 117 S.Ct. 644. The Court summarized these reasons as follows:

> In sum, the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Old Chief,* 519 U.S. at 189, 117 S.Ct. 644 (quoting *Dunning v. Maine Central R. Co.,* 91 Me. 87, 39 A. 352, 356 (1897), as cited in *Parr v. United States,* 255 F.2d 86, 88 (5th Cir.1958)).

¶ 21   The court then pointed out that these concerns had "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* at 190, 117 S.Ct. 644. It concluded that the trial court had abused its discretion in refusing to require the prosecution to accept the stipulation because the only reasonable conclusion was that the risk of unfair prejudice substantially outweighed the probative value of identifying the name and nature of the felony. *Id.* at 191–92, 117 S.Ct. 644.

¶ 22   The Wisconsin case referred to earlier, *Alexander,* deals with the identical issue that is presented in the case now before us. In *Alexander,* the defendant was charged with operating a motor vehicle with a blood alcohol concentration of 0.08 or more with two prior convictions, suspensions or revocations. 214 Wis.2d 628, 571 N.W.2d 662, 664

(Wis.1997). Before trial, the defendant offered to stipulate that he had two or more prior convictions and moved to prevent the state from offering evidence to that effect. *Id.* at 666. The trial court refused to require the state to stipulate and forego presenting the evidence.

¶ 23 The Supreme Court of Wisconsin construed the Wisconsin statute that parallels Rule 403 of the Federal Rules of Evidence. Citing extensively from *Old Chief,* the court went beyond the holding in that case to say that *any* evidence of the prior convictions, not just the name and nature of the offense, should have been kept from the jury. *Id.* at 672. It concluded that because the defendant was charged with driving with a prohibited blood alcohol concentration, the jury would assume the prior offenses were for driving under the influence if the jurors were informed that the defendant had two or more convictions, suspensions, or revocations. *Id.* at 670.

¶ 24 The *Alexander* court explained that the only probative value of the priors was to prove the defendant's status, a factor that is wholly independent of the concrete events that make up the gravamen of the offense charged. It agreed with the Supreme Court's statement in *Old Chief* that proof of a status element of an offense is unnecessary to give evidentiary depth to the state's descriptive narrative. *Id.* at 671.

¶ 25 The Wisconsin court explained why it excluded any evidence of the priors, while *Old Chief* merely excluded the name and nature of the offense. It pointed out that in *Old Chief,* the defendant did not seek to exclude any reference to his prior conviction, but asked only to exclude the name and nature of the offense. *Alexander,* 571 N.W.2d at 671. It also observed that in *Old Chief,* unlike in a case involving drinking and driving, the government had some need to complete the story because in most jurisdictions the possession of a firearm is not illegal. *Id.* Without the evidence of the prior, the jurors would not have understood why the defendant was being prosecuted. The court found that the danger of unfair prejudice far outweighed any probative value of the evidence and concluded that the trial court had abused its discretion it admitting the proof of the priors.

¶ 26 As the majority points out, the courts of Texas have refused to apply the rationale of *Old Chief* to drunk driving offenses. In the leading Texas case, *Maibauer v. State,* 968 S.W.2d 502 (Texas App.1998, pet. ref'd), the Texas Court of Appeals held that the state was not required to accept a defendant's offer to stipulate to prior drunk driving convictions. It said that reading the indictment to the jury is a jurisdictional prerequisite under Texas law, so that the jury would learn of the priors in any event. *Id.* at 506–07. Without elaboration, it distinguished *Old Chief* by observing that the offense for which the defendant was charged required proof of a specific prior drunk driving offense, not just a generic felony as in *Old Chief. Id.* at 507. The Texas court's jurisdictional rationale does not apply in our case, and the distinction it draws between specific and generic crimes is not particularly persuasive.

¶ 27 In the case before us, the trial judge proposed a procedure that would totally obviate the need for the State to present evidence of prior convictions. Under that procedure, the *only* purpose of acquainting the jury with those priors would be to create unfair prejudice against the Defendant. I would deny the relief requested in this special action.