STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard R. LUDEKING, Defendant-Appellant.†

Court of Appeals

*No. 94–1527–CR. Submitted on briefs April 6, 1995.—Decided June 1, 1995.*

(Also reported in 536 N.W.2d 392.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Mark L. Goodman* of *Osborne & Goodman, S.C.* of Sparta.

For the plaintiff-respondent the cause was submitted on the brief of *John Matousek*, district attorney of Monroe County.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J.[1] Richard Ludeking was charged with third offense operating a motor vehicle while under the influence of an intoxicant contrary to

[1] This appeal was assigned to a three-judge panel by order of this court dated February 27, 1995.

§ 346.63(1)(a), STATS.;[2] third offense operating a motor vehicle with a prohibited blood alcohol concentration contrary to § 346.63(1)(b);[3] and fourth offense operating after revocation of one's license (OAR) as an habitual traffic offender contrary to § 343.44(1), STATS. He was convicted of all three offenses.[4] Ludeking appeals the convictions, claiming that the trial court erred when it admitted evidence of prior OMVWI con-

[2] Section 346.63, STATS., provides in part:

(1)  No person may drive or operate a motor vehicle while:

(a)  Under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or

(b)  The person has a prohibited alcohol concentration.

[3] "Prohibited alcohol concentration" is defined in § 340.01 (46m), STATS., as:

(a)  If the person has one or no prior convictions, suspensions or revocations, as counted under s. 343.307(1), a blood alcohol concentration of 0.1% or more by weight of alcohol in the person's blood or 0.1 grams or more of alcohol in 210 liters of the person's breath.

(b)  If the person has 2 or more prior convictions, suspensions or revocations, as counted under s. 343.307(1), a blood alcohol concentration of 0.08% or more by weight of alcohol in the person's blood or 0.08 grams or more of alcohol in 210 liters of the person's breath.

[4] Section 346.63(1)(c), STATS., provides that if a person is charged and found guilty under both § 346.63(1)(a) and (b), STATS., for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and counting convictions under certain other statutes. For this reason, although Ludeking was found guilty of charges under both § 346.63(1)(a) and (b), there was only one conviction under § 346.63(1).

victions.[5] Because we conclude that prior OMVWI convictions are an element of the offense of driving with a prohibited alcohol concentration under §§ 346.63(1)(b) and 340.01(46m)(b), STATS., we affirm the convictions.

The pertinent facts are not in dispute. Prior to trial, Ludeking filed a motion *in limine,* seeking to exclude any reference to his prior convictions for OMVWI, OAR and any other moving or non-moving traffic offenses. He also asked that there be no references to the fact that he was being charged with third offense OMVWI and fourth offense OAR as an habitual traffic offender.

The trial court ruled that the State could introduce a record showing that Ludeking was sent an order of revocation but could not refer to his habitual traffic offender status except on rebuttal if Ludeking denied knowledge of the revocation. The court decided the State could present evidence of Ludeking's two prior OMVWI convictions because, in the court's view, that was an element of the OMVWI charge under § 346.63(1)(b), STATS., and the State had to prove it beyond a reasonable doubt. In reaching this decision, the court relied on WIS J I—CRIMINAL 2660.1.[6] The

---

[5] We refer to convictions under both § 346.63(1)(a) and (b), STATS., as OMVWI convictions.

[6] WIS J I—CRIMINAL 2660.1 provides in part:

**OPERATING A MOTOR VEHICLE WITH A PROHIBITED ALCOHOL CONCENTRATION—CRIMINAL OFFENSE — 0.08%/0.08 GRAMS OR MORE — § 346.63(1)(b)**

Section 346.63(1)(b) of the Wisconsin Statutes is violated by one who drives or operates a motor vehicle on a highway while that person has a prohibited alcohol concentration.

Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

State agreed that it did not need to refer to the fact that the OMVWI charge was the third offense since the State was permitted to prove the two prior OMVWI convictions, and it agreed that it did not need to refer to the "fourth offense" or "habitual traffic offender" in connection with the OAR charge. The court ordered that portions of Ludeking's driving record abstract be masked to cover up all information except that which it had specifically ruled was admissible.

Pursuant to the trial court's ruling, evidence of Ludeking's two prior OMVWI convictions was presented to the jury. The jury convicted Ludeking on all three charges. Ludeking argues that the prior OMVWI convictions are not an element of the charge of driving with a prohibited alcohol concentration.

■■■■

A crime is "conduct which is prohibited by state law and punishable by fine or imprisonment or both." Section 939.12, STATS. In order to determine the ele-

---

The first element requires that the defendant [drove or operated a motor vehicle on a highway].

The second element requires that at the time the defendant (drove) (operated) a motor vehicle, he had two or more convictions, suspensions, or revocations, as counted under § 343.307(1).

AT THE REQUEST OF THE DEFENDANT, THE FOLLOWING CAUTIONARY INSTRUCTION SHOULD BE GIVEN:

[Evidence has been received that the defendant had prior convictions, suspensions, or revocations. This evidence was received as relevant to the status of the defendant's driving record, which is an issue in this case. It must not be used for any other purpose.]

The third element requires that the defendant had a prohibited alcohol concentration at the time he (drove) (operated) the motor vehicle.

"Prohibited alcohol concentration" means

[.08 grams or more of alcohol in 210 liters of the person's breath.]

[.08% or more by weight of alcohol in the person's blood].

(Footnotes omitted.)

ments of a crime, we look to the statute prohibiting the conduct. *See State v. McAllister*, 107 Wis. 2d 532, 535, 319 N.W.2d 865, 867 (1982). Whether the trial court correctly decided that the two prior convictions were an element of the crime of driving with a prohibited alcohol concentration depends upon an interpretation of § 346.63(1)(b), STATS. The construction of a statute when the facts are not disputed presents an issue of law, which this court reviews *de novo*, without deference to the trial court's determination. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

In construing a statute, our purpose is to ascertain and give effect to the legislative intent. *State ex rel. Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). We first look to the language of the statute and if that is unambiguous, our duty is to give the language its ordinary meaning. *Id.* at 190, 426 N.W.2d at 73. Legislative history cannot be used to demonstrate that a statute, unambiguous on its face, is ambiguous. *State v. Martin*, 162 Wis. 2d 883, 897 n.5, 470 N.W.2d 900, 905 (1991).

Under § 346.63(1)(b), STATS., no person may operate a motor vehicle while "[t]he person has a prohibited alcohol concentration."

The plain language of § 340.01(46m)(b), STATS., defines "prohibited alcohol concentration" to include two separate components: (1) percentage of blood alcohol concentration by weight of alcohol in the person's blood or grams of alcohol in 210 liters of the person's breath, <u>and</u> (2) number of prior convictions.[7] A person

---

[7] We refer in this opinion to "prior convictions" recognizing that § 340.01(46m)(b), STATS., also covers prior suspensions and revocations.

operating a motor vehicle with a blood alcohol concentration of 0.08% or more, but less than a blood alcohol concentration of 0.1%, has not committed a crime unless that person has two prior convictions.

Ludeking argues that § 340.01(46m)(b), STATS., is ambiguous and therefore we must look to the legislative history. That legislative history, Ludeking contends, shows that the purpose in adopting it was to reduce the prohibited blood alcohol concentration for third and subsequent offenders. The legislative history does not show, according to Ludeking, whether the prior convictions of a third or subsequent offender are an element of the crime. According to Ludeking, the lack of legislative history on this point means that we cannot conclude the legislature intended the prior convictions to be an element of the crime. The legislative history is irrelevant. The statute is unambiguous. The only reasonable construction of § 340.01(46m)(b) makes the two or more prior convictions an element of the crime of driving with a blood alcohol concentration of 0.08% or more.

Ludeking also contends that evidence of his prior convictions is similar to a criminal defendant's prior record when charged as a repeater under § 939.62, STATS.[8] In *Mulkovich v. State*, 73 Wis. 2d 464, 243 N.W.2d 198 (1976), the court held that it was error to read the repeater charge to a jury because the repeater charge is relevant only to the imposition of sentence after a jury has made a finding of guilt. *Id.* at 468, 243

[8] Section 939.62, STATS., provides that if the actor is a repeater, the maximum term of imprisonment prescribed by law for that crime may be increased according to a graduated scale.

N.W.2d at 201. Section 340.01(46m)(b), STATS., in contrast, defines the crime so that the jury can make a finding on guilt. This distinction was discussed in more detail in *McAllister*. There the court held that prior revocations under § 346.65(2), STATS., are not an element of the crime of driving while under the influence in violation of § 346.63(1), STATS.,[9] because the graduated penalty structure in § 346.65(2) goes only to the question of punishment, not to "the nature of the substantive offense."[10] *McAllister*, 107 Wis. 2d at 535, 319 N.W.2d at 867. Section 340.01(46m)(b) is not a repeater statute or penalty enhancer. It does not define the penalty for violating § 346.63(1)(b). It defines the element of § 346.63(1)(b), "prohibited alcohol concentration." It defines part of the offense itself.

We recognize the potential for prejudice any time evidence of a defendant's prior record is presented to a jury. Ludeking stresses this in his brief. However, Ludeking's prior convictions are nevertheless elements of the crime under §§ 346.63(1)(b) and 340.01(46m)(b), STATS. WISCONSIN J I—CRIMINAL 2660.1 provides that at the request of the defendant the following cautionary instruction should be given: "Evidence has been received that the defendant had prior convictions, suspensions, or revocations. This evidence was received as relevant to the status of the defendant's driving record,

---

[9] At the time *State v. McAllister*, 107 Wis. 2d 532, 319 N.W.2d 865 (1982), was decided, § 346.63(1), STATS., provided: "No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance." There was no counterpart to current § 346.63(1)(b).

[10] Section 346.65(2), STATS., provides penalties for violating § 346.63(1), STATS., with the penalty increasing as the number of prior suspensions, revocations and convictions increases.

which is an issue in this case. It must not be used for any other purpose." The trial court gave this instruction. There is a presumption that a jury follows the instructions given to it. *State v. Truax*, 151 Wis. 2d 354, 362, 444 N.W.2d 432, 436 (Ct. App. 1989).

Because two or more prior convictions are an element of the offense of driving with a prohibited alcohol concentration in violation of §§ 346.63(1)(b) and 340.01(46m)(b), STATS., the trial court properly admitted evidence of Ludeking's two prior convictions.

*By the Court.*—Judgment affirmed.