STATE of Wisconsin, Plaintiff-Respondent,

v.

Henry T. SKIBINSKI, Defendant-Appellant.

Court of Appeals

*Nos. 00–1278–CR, 00–1279–CR. Submitted on briefs October 6, 2001.—Decided April 24, 2001.*

## 2001 WI App 109

(Also reported in 629 N.W.2d 12.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Karma S. Rodgers* of *Butler Rodgers Law Offices* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *E. Michael McCann*, district attorney, by *Benbow P. Cheesman, Jr.*, assistant district attorney, of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1.  WEDEMEYER, P.J.  Henry T. Skibinski appeals from two judgments entered after he pled guilty to operating a vehicle while intoxicated, second and third offenses, contrary to WIS. STAT. § 346.63(1)

(1997–98).[1] Skibinski claims the trial court erred when it interpreted the penalty statutes found in WIS. STAT. §§ 343.307 and 346.65 to permit the trial court to utilize the penalties prescribed for a third offense OWI when it sentenced Skibinski on the second and third offenses. Because the trial court erred in its interpretation of the statutes when it sentenced Skibinski, we reverse both judgments and remand the matter for resentencing consistent with this opinion.

## I.   BACKGROUND

¶ 2.   On August 10, 1999, Skibinski was arrested for driving under the influence of an intoxicant. This was his second arrest for OWI within a five-year period. Before this case was resolved, Skibinsky was arrested again on September 15, 1999, for operating a vehicle while under the influence. This was his third arrest within a ten-year period. On December 16, 1999, Skibinsky entered guilty pleas on both cases.

¶ 3.   The trial court ruled that the legislative scheme for the OWI penalties permitted the trial court to sentence Skibinski as a third offender on both the second and third offenses. The trial court reasoned that the language of WIS. STAT. § 346.65(2)[2] setting forth the

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] WISCONSIN STAT. § 346.65(2) provides:

> (2)   Any person violating s. 346.63 (1):
> (a)   Shall forfeit not less than $150 nor more than $300, except as provided in pars. (b) to (f).
> (b)   Except as provided in par. (f), shall be fined not less than $300 nor more than $1,000 and imprisoned for not less than 5 days nor more than 6 months if the total number of suspensions, revocations and convictions counted under s. 343.307 (1) equals 2 within a 10-year period. Suspensions, revocations or convictions arising out of.the same incident or occurrence shall be counted as one.

graduated penalty scale for violations, coupled with the language found in WIS. STAT. § 343.307(1) & (1)(a),[3] allowed it to count the number of offenses as convic-

(c) Except as provided in par. (f), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total number of suspensions, revocations and convictions counted under s. 343.307 (1) equals 3, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(d) Except as provided in par. (f), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 60 days nor more than one year in the county jail if the total number of suspensions, revocations and convictions counted under s. 343.307 (1) equals 4, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(e) Except as provided in par. (f), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 6 months nor more than 5 years if the total number of suspensions, revocations and convictions counted under s. 343.307 (1) equals 5 or more, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(f) If there was a minor passenger under 16 years of age in the motor vehicle at the time of the violation that gave rise to the conviction under s. 346.63 (1), the applicable minimum and maximum forfeitures, fines or imprisonment under par. (a), (b), (c), (d) or (e) for the conviction are doubled. An offense under s. 346.63 (1) that subjects a person to a penalty under par. (c), (d) or (e) when there is a minor passenger under 16 years of age in the motor vehicle is a felony and the place of imprisonment shall be determined under s. 973.02.

[3] WISCONSIN STAT. § 343.307(1) & (1)(a), provides:

**Prior convictions, suspensions or revocations to be counted as offenses. (1)** The court shall count the following to determine the length of a revocation or suspension under s. 343.30 (1q) (b) and to determine the penalty under s. 346.65 (2):

. . . .

**(1) The court shall count the following to determine the length of a revocation under s. 343.30 (1q) (b) and to determine the penalty under s. 346.65 (2):**

tions at the time of sentencing in deciding which penalty applied. The trial court ruled that each of the two charges then pending was subject to the penalties prescribed for a third offense of OWI.

¶ 4. The trial court sentenced Skibinski to seven months in the House of Correction, a $600 fine, and a thirty-six-month license revocation for the August 10, 1999 offense; and twelve months in the House of Correction, consecutive, a $600 fine, and a thirty-six-month license revocation for the September 15, 1999 offense. The penalty for a second offense of OWI reads: "Any person violating s. 346.63(1) . . . shall be fined not less than $300 nor more than $1,000 and imprisoned for not less than 5 days nor *more than* 6 months." WIS. STAT. § 346.65(2)(b) (emphasis added). The penalty for a third offense of OWI reads: "Any person violating s. 346.63(1) . . . shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail." WIS. STAT. § 346.63(2)(c). The trial court's sentence on the August 10th OWI exceeded the maximum penalty permitted under WIS. STAT. § 346.65(2)(b) for a second offense.[4] Skibinski appeals.

(a) Convictions for violations under s. 346.63 (1), or a local ordinance in conformity with that section.

[4] The trial court advised the parties that it believed this was the correct way to interpret the graduated penalties in the OWI statutes. The trial court further noted that its reasoning had been rejected in a one-judge appeal decided by this court on August 10, 1999. *See State v. Haushalter*, Nos. 99–0387, 99–0388, 99–0389, unpublished slip op. (Wis. Ct. App. Aug. 10, 1999). Despite this court's decision reversing the trial court's ruling on the same issue presented here, the trial court stated that it would continue to so rule because there was no published case declaring that the trial court's interpretation was errone-

## II. DISCUSSION

¶ 5. Skibinski argues that the trial court erred in its interpretation of WIS. STAT. § 363.307, permitting each offense to be subject to the penalty provisions provided for a third offense. Skibinski argues that the trial court's reasoning is incorrect, unconstitutional, and frustrates the legislature's decision to graduate the penalties for operating while intoxicated for repeat offenders. The State concedes that the August 10, 1999 offense should not have been sentenced as a third offense.

¶ 6. The standard of review of a question concerning the interpretation of a statute is *de novo. State v. Irish*, 210 Wis. 2d 107, 110, 565 N.W.2d 161 (Ct. App. 1997). A reviewing court will reject an unreasonable construction of a statute. *Currie v. Schwalbach*, 132 Wis. 2d 29, 42, 390 N.W.2d 575 (Ct. App. 1986), *aff'd,* 139 Wis. 2d 544, 407 N.W.2d 862 (1987). The goal of statutory interpretation is to determine and give effect to the intent of the legislature. *Caldwell v. Percy*, 105 Wis. 2d 354, 361, 314 N.W.2d 135 (Ct. App. 1981). Statutes relating to the same subject matter should be read together and harmonized if possible. *City of Milwaukee v. Milwaukee County*, 27 Wis. 2d 53, 56, 133 N.W.2d 393 (1965).

¶ 7. The trial court reasoned that because WIS. STAT. § 346.65(1) states that the offender shall be pun-

---

ous. The trial court even went so far as to suggest that if a three-judge panel from this court reviewed the issue, the panel would agree with the trial court's reasoning rather than the reasoning set forth in *Haushalter*. The trial court was incorrect. Having now considered the issue in a three-judge opinion, this court concurs with, and borrows liberally from, the reasoning set forth in the one-judge opinion.

ished with the number of convictions, revocations and suspensions counted under WIS. STAT. § 343.307(1) at the time of sentencing, both the August 10th and the September 19th offenses could be counted. This resulted in the August 10th offense being subject to penalties for a third offense, even though it was only Skibinski's second offense. The trial court indicated that "[t]he legislature did not say that a person would have their [sic] conviction counted only if they [sic] had been sentenced on it."

¶ 8.    The trial court's interpretation is flawed for several reasons. First, when a defendant has two or more prior convictions, the convictions must be proven as an element of the offense, and are predicate to conviction of the graduated offenses. *State v. Alexander*, 214 Wis. 2d 628, 652, 571 N.W.2d 662 (1997). If a defendant does not stipulate to any prior convictions, the State must prove beyond a reasonable doubt that the defendant was convicted of two or more prior convictions. Here, the record reflects that when Skibinski pled guilty to the August 10th OWI, he admitted that he had one prior OWI conviction. Thus, the record supports the fact that the August 10th OWI was his *second* offense. He did not admit that he had an additional unspecified OWI offense, nor could he have done so. The August 10th OWI cannot be treated as a third offense because the State did not and could not prove that Skibinski had two or more prior convictions at the time of the August 10th OWI. At the time he pled guilty to the August 10th OWI, Skibinski had only one prior OWI conviction. Thus, the trial court erred when it counted the September 19th OWI together with the prior conviction to make the August 10th OWI a third offense.

¶ 9.  Second, a judgment of conviction includes the offense, the plea, and the sentence. WIS. STAT. § 972.13(3) ("A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and sentence."). The trial court based its decision on its belief that an OWI conviction, to be utilized in enhancing the penalties for OWI, need only consist of an accepted plea of guilty and does not require a sentence. The trial court's interpretation is contrary to § 972.13(3) and case law addressing the graduated penalties. In *State v. Banks*, 105 Wis. 2d 32, 313 N.W.2d 67 (1981), a court commissioner sentenced Banks as a first-time OWI offender, and later learned that it was Banks's second such offense within five years. *Id.* at 36. The court commissioner vacated the improperly charged first offense and the state re-issued a criminal charge of second offense OWI. *Id.* Presented with the new charge, the trial court ruled that it did not have jurisdiction over this re-issued charge. *Id.* at 36–37. Reversing the trial court, the supreme court held that this situation did not result in double jeopardy. *Id.* at 44. Further, the supreme court observed that the state was mandated to charge Banks as a second offender under the wording of the relevant penalty statute. *Id.* at 40. The supreme court also distinguished the penalty enhancers found in the OWI penalty section from those found in the general repeater statute and, in doing so, the supreme court determined that the OWI penalty enhancers did not require that the underlying conviction for the first charge occur before the state could properly charge Banks as a second offender. *Id.* at 44–50.

¶ 10.  In the instant case, the question posed is whether the trial court can accept guilty pleas to a

second and third offense OWI, and then apply the increased penalties of third offense. OWI to both charges at sentencing. *Banks* supports Skibinski's contention. *Banks* emphasizes that *there must be a conviction* before the graduated penalties can be used. *Id.* at 44–50. A conviction under WIS. STAT. § 343.307 ' must meet the requirements of WIS. STAT. § 972.13(3). In order to be a valid judgment of conviction, a sentence must have been imposed. Therefore, under *Banks*, before a judgment of conviction can properly be used to justify an OWI penalty enhancer, the offender must have been sentenced. Thus, Skibinski could not be sentenced as a third offender for his second offense.

¶ 11.  Third, *Banks* also supports Skibinski's argument that the trial court's interpretation is unconstitutional on vagueness grounds. The "void for vagueness" doctrine rests upon the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. *State v. Driscoll*, 53 Wis. 2d 699, 701–02, 193 N.W.2d 851 (1972). The test for vagueness of a criminal statute is whether it gives reasonable notice of the prohibited conduct and its penalties. *Id.* at 701. *Banks* held that the OWI penalty enhancer statute only passed constitutional muster 'and was not void for vagueness because the express language of WIS. STAT. § 346.65(2)(a), providing that any person violating WIS. STAT. § 346.63(1) shall be fined or imprisoned if the total of license revocations and convictions for drunken driving equals two within a five-year period, gives ample notice to a driver who wishes to avoid criminal penalties that a second OWI offense subjects a driver to criminal penalties. *Banks*, 105 Wis. 2d at 50–51.

¶ 12.  Thus, applying the vagueness standard to WIS. STAT. § 346.65(2)(a), it is clear that the statute satisfies the due process requirements when it gives ample notice of the prohibited conduct and penalties. *See Banks*, 105 Wis. 2d at 50–51. We conclude that the trial court's interpretation runs afoul of the guaranteed constitutional protections because such interpretation would permit a sentencing court to modify the possible penalties for a crime when committed by the subsequent conduct of the offender. This would violate the constitutional due process notice requirements.

¶ 13.  Finally, the trial court's interpretation frustrates the legislature's mandate that a second and any subsequent offenses be subject to certain graduated penalties prescribed by the legislature. "This court has recognized that the purpose of general repeater statutes is to increase the punishment of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction." *Id.* at 49. The trial court's interpretation would do violence to this legislative directive. *See State v. Machner*, 101 Wis. 2d 79, 81, 303 N.W.2d 633 (1981) ("[I]t is the legislative province to prescribe the punishment for a particular crime and the judicial province to impose that punishment.").

¶ 14.  Accordingly, these cases are remanded for resentencing in accordance with the graduated penalty provisions listed in WIS. STAT. § 346.65. Because the trial court sentenced Skibinski thinking that the penalties for the third offense OWI applied to both counts, resentencing must occur in both cases. The August 10th conviction must be sentenced as a second offense

and the September 19th conviction must be sentenced as a third offense.

*By the Court.*—Judgments reversed and cause remanded.