STATE of Wisconsin, Plaintiff-Respondent,

v.

Brandon J. MATKE, Defendant-Appellant.†

Court of Appeals

*No. 03–2278–CR. Submitted on briefs May 6, 2004.—Decided December 9, 2004.*

2005 WI App 4

(Also reported in 692 N.W.2d 265.)

† Petition to review denied 3-8-2005.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James B. Connell* of *Crooks, Low & Connell, S.C.*, Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Vergeront and Higginbotham, JJ.

¶ 1. DEININGER, P.J. Brandon Matke appeals a judgment that convicted him of operating a motor vehicle while under the influence of an intoxicant (OMVWI) and imposed a sentence for sixth-offense OMVWI. He claims the trial court erred in sentencing him for a sixth offense because, at the time he committed the instant offense, he had only three prior OMVWI convictions. We conclude that, because Matke had five prior OMVWI convictions at the time of sentencing, the trial court properly sentenced him as a six-time offender. We also reject Matke's claim that the trial court erroneously exercised its discretion in ordering his sentence for the present offense to be consecutive to any sentences he was then serving. Accordingly, we affirm the appealed judgment.

## BACKGROUND

¶ 2. Matke committed his present OMVWI offense on June 19, 2001. At that time, WIS. STAT. § 346.65(2)(d) (2001–02)[1] provided that a fourth-offense OMVWI was punishable by imprisonment "for

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

not less than 60 days nor more than one year in the county jail." A fifth or subsequent OMVWI conviction, however, was punishable as a felony, with a specified range of imprisonment of "not less than 6 months nor more than 5 years." Section 346.65(2)(e). The present action began as a misdemeanor prosecution for fourth-offense OMVWI but ended with Matke's conviction and sentencing for a sixth offense. The court imposed a four-year prison sentence, consisting of two years confinement followed by two years extended supervision, the same to be served consecutive to any sentences Matke was then serving.

¶ 3. Matke challenges only the sentence imposed for sixth-offense OMVWI. His principal claim of error is grounded on the order in which he committed and was convicted of six OMVWI offenses between 1998 and 2003. He makes no claim that the guilty verdict for his present OMVWI offense should be set aside. Accordingly, we provide no details of Matke's present offense or of the jury trial at which he was found guilty. Instead, we present the relevant chronology of his six OMVWI offenses:

February 2, 1998: First OMVWI committed.

February 10, 1998: Second OMVWI committed.

February 28, 1998: Third OMVWI committed.

May 20, 1998: Convicted of 2–10–98 and 2–28–98 offenses.

June 3, 1999: Convicted of 2–2-98 offense.

June 19, 2001: Commits present OMVWI, originally charged as fourth offense and prosecuted as misdemeanor.

July 14, 2001: Commits new OMVWI offense.

407

December 6, 2001: Convicted of 7–14–01 offense, sentenced as fourth offender.

December 13, 2001: State dismisses misdemeanor action, files felony complaint charging present (6–19–01) offense as fifth offense.

August 10, 2002: Commits new OMVWI offense.

October 15, 2002: Convicted of 8–10–02 offense, sentenced as fifth offender.

January 3, 2003: Amended information filed, charging present (6–19–01) as sixth offense.

January 23, 2003: Convicted of 6–19–01 offense, sentenced as sixth offender.

## ANALYSIS

■■

¶ 4. Matke first argues that the trial court erred in sentencing him as a six-time OMVWI offender because "conduct which was a misdemeanor when committed cannot be transformed into a felony by subsequent conduct." His claim principally raises a question of statutory interpretation, to wit, should the number of prior OMVWI convictions for purposes of penalty enhancement under Wis. Stat. § 346.65(2) be determined as of the date that an offense is committed or as of the date of sentencing for the offense?[2] We must

_____

[2] Wisconsin Stat. § 346.65(2) provides that, in addition to OMVWI convictions, certain other events, such as revocations of operating privileges for refusing a chemical test under the implied consent law, are also counted for penalty enhancement purposes. For convenience, and because this case involves only prior OMVWI convictions, we refer in this opinion to the enhancement of penalties only for prior OMVWI convictions.

therefore decide a question of law, which we do independently of the trial court's analysis and conclusions. *State v. Ludeking*, 195 Wis. 2d 132, 138, 536 N.W.2d 392 (Ct. App. 1995), *partially overruled on other grounds by State v. Alexander*, 214 Wis. 2d 628, 571 N.W.2d 662. Matke also suggests that the trial court's interpretation results in a violation of his constitutional right of due process, a question we also decide de novo. *State v. Navarro*, 2001 WI App 225, ¶ 6, 248 Wis. 2d 396, 636 N.W.2d 481.

¶ 5. How and when to count prior OMVWI convictions for purposes of penalty enhancement under Wis. Stat. § 346.65(2) has been settled law since at least 1981, when the supreme court decided *State v. Banks*, 105 Wis. 2d 32, 313 N.W.2d 67 (1981). The court distinguished the enhancement scheme under the OMVWI statute from that of "general repeater statutes" such as Wis. Stat. § 939.62. *Id.* at 44–45. Then, as now, § 346.65(2) did not specify that convictions for prior offenses must precede the commission of the present offense, as does § 939.62, the "general repeater" statute. *Id.* at 45–47. The statutory language examined in *Banks* provided, much as it does now, that enhanced penalties apply "if the total of . . . convictions for [OMVWI] equals" a certain number within a specified period.[3] *Id.* at 45. The court concluded that the language evinced the legislature's intent that enhanced penalties apply when the requisite number of convictions have

[3] The relevant language of Wis. Stat. § 346.65(2)(e) presently provides that the enhanced penalties of that paragraph apply "if . . . the total number of . . . convictions . . . equals 5 or more." The operative language is thus substantially the same as the language interpreted in *Banks*: "if the total of . . . convictions . . . equals." *State v. Banks*, 105 Wis. 2d 32, 45, 313 N.W.2d 67 (1981).

accumulated within the period specified "regardless of the order in which the offenses were committed and the convictions were entered." *Id.* at 48. The court also rejected the defendant's claim of a due process violation in so construing the statute, concluding that the statute gives "ample notice" to a driver who wishes to avoid enhanced penalties that additional OMVWI offenses will result in enhanced penalties upon successive convictions. *Id.* at 50–51.

¶ 6. A year later, the supreme court concluded in *State v. McAllister,* 107 Wis. 2d 532, 319 N.W.2d 865 (1982), that the number of a defendant's prior OMVWI convictions to be counted for penalty enhancement purposes is *not* an element of the offense of OMVWI. Thus, in order to obtain a conviction for the crime of second-offense OMVWI, the State need only prove beyond a reasonable doubt that the defendant (1) operated a motor vehicle (2) while under the influence of an intoxicant. *Id.* at 535. The number of prior convictions for penalty enhancement purposes need only "be proven by certified copies of conviction or other competent proof offered by the state before sentencing." *Id.* at 539.

¶ 7. After the OMVWI convictions reviewed in *Banks* and *McAllister*, the legislature created the offense of operating a motor vehicle with a "prohibited alcohol concentration" (PAC).[4] *See* Wis. Stat. § 346.63(1)(b) (1981–82). The prohibited concentration was initially established as being "0.1% or more by weight of alcohol in the person's blood or 0.1 grams or more of alcohol in 210 liters of the person's breath." *Id.* The legislature subsequently amended the definition of

---

[4] 1981 Wis. Laws, chs. 20 and 184.

410

PAC to provide that the 0.1 level applied to persons having one or no prior OMVWI/PAC convictions, but that after two or more convictions, the prohibited level dropped to 0.08.[5] *See* WIS. STAT. § 340.01(46m) (1991–92). We concluded in *Ludeking* that the bifurcated PAC definition did not create simply a "repeater statute or penalty enhancer," rather, the statutory definition served to define an element of the offense for a defendant with two or more prior convictions. *Ludeking*, 195 Wis. 2d at 140. Accordingly, we held that, in order to convict someone of a third or subsequent PAC offense at the reduced level of 0.08, the State needed to prove that, "at the time the defendant . . . operated a motor vehicle, he had two or more convictions . . . ." *Id.* at 136 n.6.

¶ 8. The supreme court agreed with our conclusion in *State v. Alexander*, 214 Wis. 2d 628, 640, 571 N.W.2d 662 (1997). The court concluded, however, that a defendant could avoid having the jury learn of his or her prior convictions by stipulating to that element. *Id.* at 651. To the extent that Matke relies on *Ludeking* and *Alexander* to support his claim that only convictions occurring prior to his commission of the present OMVWI offense may be used to enhance the penalties for committing it, he is mistaken. His present conviction was for OMVWI, not PAC, and the statute under review is WIS. STAT. § 346.65(2), a penalty enhancement statute, not WIS. STAT. § 340.01(46m), which defines an element of certain PAC offenses.

■

¶ 9. Thus, the holdings in *Banks* and *McAllister*, not those in *Ludeking* and *Alexander*, govern the present facts, requiring that we affirm Matke's sen-

[5] 1991 Wis. Act 277.

tence as a six-time OMVWI offender. There can be little question that, under *Banks* and *McAllister*, the proper time to determine the number of a defendant's prior convictions for sentence enhancement purposes is at sentencing, regardless of whether some convictions may have occurred after a defendant committed the present offense. Not only must we apply the supreme court's interpretation of Wis. Stat. § 346.65(2), we are also bound by its conclusion that no due process violation occurs simply because the severity of a defendant's punishment may depend on events that occur after he or she committed the present offense. *See Banks,* 105 Wis. 2d at 50–51.

¶ 10. But for this court's decision in *State v. Skibinski,* 2001 WI App 109, 244 Wis. 2d 229, 629 N.W.2d 12, our analysis of Matke's first claim of error would be at an end. Matke points to *Skibinski,* however, which he claims, "like the decisions in *Ludeking* and *Alexander,* stands for the proposition that prior convictions are an element of the offense" of OMVWI. Therefore, according to Matke, in order to be counted for enhancement purposes, prior convictions "must be in existence at the time the [OMVWI] offense was committed." As we have explained, however, *Ludeking* and *Alexander* dealt with PAC offenses, not OMVWI, and the two cases focused on the statute defining the PAC offense, not the penalty enhancement statute at issue here. If *Skibinski* truly stands for the proposition that Matke claims it does (i.e., that the number of prior convictions is an element of repeat OMVWI and only convictions that precede the commission of an offense can be used to enhance the penalty for it), then *Skibinski* stands in direct contradiction to the supreme court's holdings in *Banks* and *McAllister.*

¶ 11. We thus turn to *Skibinski* to ascertain what was decided in that case. We stated the question to be addressed in *Skibinski* as follows: "In the instant case, the question posed is whether the trial court can accept guilty pleas to a second and third offense OWI, and then apply the increased penalties of third offense OWI to both charges at sentencing." *Id.*, ¶ 10. The defendant had one prior OMVWI conviction and then committed two more OMVWI offenses a month apart, one in August and another in September. *Id.*, ¶ 2.[6] The defendant entered guilty pleas to both of the new charges and the court sentenced him on both at the same time. *Id.*, ¶¶ 2, 4. The trial court concluded that it could sentence the defendant as a third-time offender on both of the new OMVWI offenses. *See id.*, ¶¶ 3, 7. We reversed, concluding, unsurprisingly, that the court should have sentenced the defendant as a second offender for the August offense, and as a third-time offender on only the September offense. *Id.*, ¶¶ 10, 14.

¶ 12. In reaching our conclusion, we discussed *Banks* at some length. *Id.*, ¶ 9. We expressly relied on the supreme court's analysis in *Banks* to conclude that a past OMVWI offense cannot be used to enhance the penalty for a later conviction unless there has been a conviction for the prior offense. *Id.*, ¶ 10. We then explained that a conviction does not occur until a sentence is imposed, and thus, when the defendant was sentenced for the August offense, he had only one prior

---

[6] In the "Background" section of our opinion, we refer to the offenses as occurring on August 10th and September 15th. *State v. Skibinski*, 2001 WI App 109, ¶¶ 2, 4, 244 Wis. 2d 229, 629 N.W.2d 12. In the "Discussion" that follows, however, we refer to the September offense as having occurred on September 19th. *Id.*, ¶¶ 7–8, 14. In any event, neither of the offenses became convictions until at least December 16th. *See id.*, ¶ 2.

413

conviction, making him a second offender. *Id.* As for the September offense, the trial court properly treated the defendant as a third-time offender because he then, and only then, had two prior convictions—the much earlier one and the August offense for which sentence had just been imposed. *See id.*, ¶ 14 ("[T]he September 19th conviction must be sentenced as a third offense.").

¶ 13. Although the foregoing rationale, based on *Banks*, would have been sufficient to support our disposition, we also said the following earlier in our discussion of the issue:

> [W]hen a defendant has two or more prior convictions, the convictions must be proven as an element of the offense, and are predicate to conviction of the graduated offenses. *State v. Alexander*, 214 Wis. 2d 628, 652, 571 N.W.2d 662 (1997) .... The August 10th OWI cannot be treated as a third offense because the State did not and could not prove that Skibinski had two or more prior convictions at the time of the August 10th OWI. At the time he pled guilty to the August 10th OWI, Skibinski had only one prior OWI conviction. Thus, the trial court erred when it counted the September 19th OWI together with the prior conviction to make the August 10th OWI a third offense.

*Id.*, ¶ 8.

¶ 14. The first two sentences in the foregoing excerpt, and our reliance on *Alexander*, were incorrect. We, regrettably, misstated the law governing the application of WIS. STAT. § 346.65(2) to sentences for repeat OMVWI offenders. This part of our analysis is plainly contrary to controlling supreme court precedent (*McAllister* and *Banks*) holding that (1) the number of prior OMVWI convictions is *not* an element of the crime of repeat OMVWI, and (2) that the number of prior OMVWI convictions at the time of sentencing, not at

the time of the offense, determines which level of penalties applies. Moreover, the disposition we ordered in *Skibinski* at paragraph 14 contradicts our statements in paragraph 8 of the opinion. We concluded that the trial court could properly sentence Skibinski as a third offender for his September offense, notwithstanding the fact that, at the time he committed that offense, he had only one prior OMVWI conviction. In short, our conclusion that the September offense was a third offense for sentencing purposes was correct; our discussion in paragraph 8 was not.

¶ 15. Thus, we acknowledge that there is language in paragraph 8 of our opinion in *Skibinski* that is helpful to Matke, but we conclude that the language in that paragraph is not binding on us here. The cited language was plainly not necessary to our disposition in *Skibinski* and, indeed, was contrary to the result we reached. Moreover, because the language Matke relies on is inconsistent with controlling supreme court precedent, we are not obligated to apply it here, and we must, instead, "reiterate the law under previous supreme court . . . precedent." *State v. Noll,* 2002 WI App 273, 258 Wis. 2d 573, ¶ 16 n.4, 653 N.W.2d 895. Accordingly, we conclude that, notwithstanding our comments in *Skibinski,* the trial court did not err in sentencing Matke for a sixth OMVWI offense.

■

¶ 16. Matke also contends that the trial court's interpretation of Wis. Stat. § 346.65(2), which is now ours as well, violates due process because it permits the court to sentence him for a sixth OMVWI without requiring the State to convince a jury beyond a reasonable doubt that he had five prior OMVWI convictions. Matke claims that the U.S. Supreme Court so held in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Matke is

415

again mistaken. The Court specifically excluded sentence enhancements for prior convictions from its holding in *Apprendi*: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (italic emphasis added).[7]

¶ 17. Finally, Matke argues that the trial court erroneously exercised its discretion when it ordered, without explanation, that Matke's present sentence be consecutive to any other sentences he was then serving. Matke acknowledges in his brief that, in its seven transcript pages of sentencing remarks, the court "mentions the danger created by drunk drivers, the defendant's high blood alcohol concentration and the defendant's history of convictions." We take this as a concession by Matke that the court adequately explained why it imposed an overall sentence of two years confinement in prison plus two years extended supervision for Matke's sixth OMVWI offense.

¶ 18. The sole infirmity that Matke cites is the court's failure to specifically relate any of the sentencing factors it discussed to its decision to order the present sentence consecutive to, instead of concurrent with, any pre-existing sentences. In support of his erroneous sentencing claim, Matke points to our deci-

---

[7] The Court explained later in its opinion that, not only does "recidivism ' . . . not relate to the commission of the offense' itself," but in addition, "there is a vast difference between accepting the validity of a **prior** judgment of **conviction** entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi v. New Jersey*, 530 U.S. 466, 496 (2000).

sion in *State v Hall*, 2002 WI App 108, 255 Wis. 2d 662, 648 N.W.2d 41, where we reversed a set of multiple sentences totaling 304 years because the trial court had not explained why each of the multiple sentences was to be served consecutively. *Id.*, ¶¶ 8, 12–18. The sentences in *Hall*, however, were all imposed at the same time, and they were for "a string of armed robberies" committed during a three-month period, plus a felony-murder committed in conjunction with an attempted robbery. *Id.*, ¶¶ 2–3. The American Bar Association Standards for Criminal Justice Sentencing that we cited in *Hall*, which Matke relies on for the proposition that a court should "ordinarily" order multiple sentences to be served concurrently or explain why it did not do so, apply to multiple sentences imposed at a single sentencing. *See id.*, ¶ 14. Neither our conclusions in *Hall* nor the cited ABA Standards have any bearing on a sentence subsequently imposed for a new offense that is unrelated to past offenses for which a defendant may still be serving time.

¶ 19. We conclude that the present facts are governed instead by the principle that, so long as a sentencing court has considered the proper factors, explained its rationale for the overall sentence it imposes, and the sentence is not unreasonable, the court does not erroneously exercise its discretion simply by failing to separately explain its rationale for each and every facet of the sentence imposed. *See State v. Johnson*, 178 Wis. 2d 42, 54–56, 56 n.5, 503 N.W.2d 575 (Ct. App. 1993). Moreover, we agree with the State that imposing concurrent sentences for successive OMVWI convictions would contravene the legislature's clearly expressed intent that multiple OMVWI offenders receive

harsher punishment upon each successive conviction. *See Banks*, 105 Wis. 2d at 49–50.

¶ 20. We thus reject Matke's contention that the court erroneously exercised its discretion in ordering his present sentence to be consecutive to any sentences Matke was then serving.

## CONCLUSION

¶ 21. For the reasons discussed above, we affirm the appealed judgment.

*By the Court.*—Judgment affirmed.