STATE of Wisconsin, Plaintiff-Appellant,

v.

Brian K. SOWATZKE, Defendant-Respondent.

Court of Appeals

*No. 2009AP1990–CR. Submitted on briefs February 23, 2010.*
*—Decided May 26, 2010.*

2010 WI App 81

(Also reported in 784 N.W.2d 700.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kevin M. Osborne*, assistant district attorney, Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Andrew R. Walter* of *Walter Law Offices*, Elkhorn.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. ANDERSON, J.   The State appeals from the circuit court's decision to dismiss a charge of fourth offense operating with a prohibited alcohol concentration (PAC) against Brian K. Sowatzke. In an amended complaint based on Sowatzke's May 9, 2008 arrest for operating a motor vehicle while intoxicated (OWI), the State charged Sowatzke with fourth offense OWI and fourth offense PAC. Sowatzke filed a motion to dismiss the PAC charge and successfully argued that, in charging him with a fourth offense, the State wrongly criminalized a blood alcohol content (BAC) of 0.048 percent, when his legal limit on May 9—because he had no more than two convictions on this date—was a BAC of 0.08 percent.[1] The circuit court found that the State's filing

---

[1] Having at least three prior convictions for operating a motor vehicle under the influence of an intoxicant lowers the prohibited alcohol concentration of a driver from the usual 0.08 percent to 0.02 percent. *See* WIS. STAT. § 340.01(46m)(c) (2007–08); *State v. Ernst*, 2005 WI 107, ¶ 3 n.2, 283 Wis. 2d 300, 699 N.W.2d 92.

of the amended complaint alleging a fourth offense PAC lowered Sowatzke's permissible BAC from 0.08 percent to 0.02 percent and, thus, "applied the statutes in a manner that retroactively changed one of the elements [of the PAC charge] in an *ex post facto* manner." Based on its finding, the court dismissed the PAC count in the criminal complaint. We affirm.

¶ 2. We begin by noting that we affirm the circuit court on statutory grounds and, thus, do not address whether the fourth offense PAC charge violates Sowatzke's right to protection from ex post facto prosecution and/or his right to due process. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995); *Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973).

¶ 3. Whether Sowatzke had a prohibited BAC[2] under Wisconsin's graduated PAC definition, *see* Wis. Stat. § 340.01(46m), is a question of law we review de novo, *see State v. Ludeking*, 195 Wis. 2d 132, 138, 536 N.W.2d 392 (Ct. App. 1995), *partially overruled on other grounds by State v. Alexander*, 214 Wis. 2d 628, 571 N.W.2d 662 (1997).

¶ 4. The facts of this case are not in dispute. Sowatzke has an inglorious history of OWI arrests and convictions: On March 6, 2008, with two OWI convictions on his record, Sowatzke was arrested and cited for

---

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] "**Operating under influence of intoxicant or other drug. (1)** No person may drive or operate a motor vehicle while . . . [t]he person has a prohibited alcohol concentration." Wis. Stat. § 346.63(1)(b).

OWI as a third offense for suspected drug use.[3] On May 9, 2008, while the March 6 charge was pending, Sowatzke was again arrested for third offense OWI (blood tests showed his BAC at the time to be 0.048 percent). Four days later, on May 13, 2008, Sowatzke was, yet again, arrested for OWI and charged with a third offense.

¶ 5.   Thereafter, on July 21, 2008, the May 13 offense became the first of Sowatzke's trilogy of third offense charges to result in a conviction. The next day, July 22, 2008, the State amended the criminal complaint for the still-pending May 9 charge from a third offense OWI, to a fourth offense OWI and added a charge of fourth offense PAC. *See* WIS. STAT. § 340.01(46m)(c); *see also State v. Ernst*, 2005 WI 107, ¶ 3 n.2, 283 Wis. 2d 300, 699 N.W.2d 92.

¶ 6.   Sowatzke filed a motion to dismiss the fourth offense PAC charge, arguing it violated his due process rights and the prohibition against ex post facto laws. He emphasized the following:  that on the date of the arrest, May 9, 2008, his violation was a third offense because on that day he had two, not three, prior convictions; that the prohibited alcohol concentration for a third offense OWI is 0.08 percent or more, *see* WIS. STAT. § 340.01(46m)(a); that his blood alcohol concentration on May 9 was 0.048 percent; and that an alcohol concentration of 0.048 percent does not violate WIS. STAT. § 346.63(1)(b) as it applies to him.

---

[3] Based on the March 6, 2008 violation, the State charged Sowatzke on July 23, 2008, with operating while impaired by medications as a third offense contrary to WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(am)3. in case No. 2008CT1836; on August 19, 2008, the State amended the charge to a fourth offense.

¶ 7. On appeal, the State argues that the fourth offense PAC charge did not violate Sowatzke's right to due process or his right to be free from ex post facto prosecution because at the time Sowatzke committed the May 9 offense, he had notice of the criminal nature and possible penalties associated with the violation and "he had notice of the operating while intoxicated prohibited alcohol concentration statutes." For both arguments, the State relies primarily on *State v. Banks*, 105 Wis. 2d 32, 313 N.W.2d 67 (1981). The issue in *Banks* and its progeny is distinct from the issue in Sowatzke's case.

¶ 8. In *Banks*, the supreme court settled the issue of how and when to count prior OWI convictions *for penalty enhancement purposes* under WIS. STAT. § 346.65(2). *State v. Matke*, 2005 WI App 4, ¶ 5, 278 Wis. 2d 403, 692 N.W.2d 265. The supreme court distinguished the enhancement scheme under the OWI statute from that of "general repeater statutes." *Banks*, 105 Wis. 2d at 44–45. It noted that § 346.65(2) does not specify that convictions for prior offenses must precede the commission of the present offense, as does WIS. STAT. § 939.62, the "general repeater statute." *Banks*, 105 Wis. 2d at 45–47. The statutory language examined in *Banks* provided, much as it does now, that enhanced penalties apply "if the total of . . . convictions for [OWI] equals" a certain number within a specified period. *Id.* at 50–51. The supreme court concluded that the statutory language evinced the legislature's intent that enhanced penalties apply when the requisite number of convictions have accumulated within the period specified, "regardless of the order in which the offenses were committed and the convictions were entered." *Id.* at 48.

¶ 9. Thus, *Banks* dealt with the due process question of whether an undoubtedly illegal act can be

criminally punished, *id.* at 50–51, whereas this case involves whether Sowatzke's blood alcohol level was illegal, i.e., whether he violated the PAC law *at all.*

¶ 10. WISCONSIN STAT. § 346.63(1)(b) prohibits the act of operating or driving while the person has a PAC. It specifically states that "[n]o person may drive or operate a motor vehicle while ... [t]he person has a prohibited alcohol concentration." Id. In order to make the determination whether a defendant had a prohibited BAC while he or she was driving, we must look to the graduated PAC definition provided in WIS. STAT. § 340.01(46m).[4] Under § 340.01(46m), the PAC is determined by the number of "convictions, suspensions or revocations"; it states:

> **(46m)** "Prohibited alcohol concentration" means one of the following:
>
> (a) If the person has 2 or fewer prior convictions, suspensions, or revocations, as counted under
>
> s. 343.307(1), an alcohol concentration of 0.08 or more.
>
> (c) If the person has 3 or more prior convictions, suspensions or revocations, as counted under s. 343.307(1), an alcohol concentration of more than 0.02.

██

¶ 11. Thus, presented as we are with every indication in the statute itself that the legislature meant to make the crime of operating a motor vehicle with a

---

[4] We note that it was after the OWI conviction reviewed in *State v. Banks*, 105 Wis. 2d 32, 313 N.W.2d 67 (1981), that the legislature created the offense of operating a motor vehicle with a "prohibited alcohol concentration" or PAC. *See State v. Matke*, 2005 WI App 4, ¶ 7, 278 Wis. 2d 403, 692 N.W.2d 265; *see also* 1981 Wis. Laws, chs. 20 and 184; WIS. STAT. § 346.63(1)(b) (1981–82).

prohibited alcohol concentration one which requires a person had the PAC *at the time* he or she drove or operated the motor vehicle, the State's fourth offense PAC charge improperly criminalized a BAC of 0.048 percent when the legal limit on May 9 as it applied to Sowatzke—because he had no more than two convictions on this date—was a BAC of 0.08 percent.

¶ 12.  Furthermore, our supreme court's holding in *State v. Alexander*, 214 Wis. 2d 628, 640, 571 N.W.2d 662 (1997), explains that one of the three elements of the offense of operating with a prohibited alcohol level is proof that the defendant had the PAC *at the time* he or she drove or operated the motor vehicle.

¶ 13.  Sowatzke had two countable OWI "convictions, suspensions or revocations" (i.e., he had two OWI convictions) at the time he was arrested on May 9; he had a BAC of 0.048 percent at the time he was arrested on May 9; his legal BAC limit was 0.08 percent at the time he was arrested on May 9. Accordingly, the State could not properly charge him with a PAC based on his May 9 arrest. The circuit court properly dismissed the charge of fourth offense PAC.

*By the Court.*—Order affirmed.