**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 11, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1496-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CT336

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

JOHN E. PAUL,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

¶1    KLOPPENBURG, J.[1]   A jury found John E. Paul guilty of operating a motor vehicle while intoxicated (OWI) and operating a motor vehicle

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

with a prohibited alcohol concentration. During voir dire, the prosecutor asked a question regarding the prohibited blood alcohol concentration limit that applied to Paul's case. Paul moved for a mistrial, which the circuit court denied. Paul now appeals that denial, arguing that the prosecutor's question implied that Paul "was a repeat offender" with prior OWI convictions. As I explain, I reject Paul's argument and, therefore, affirm.

## BACKGROUND

¶2 In the early morning of September 21, 2014, police officers saw a vehicle in a bar parking lot straddling a concrete parking block with its front wheels up in the air. The officers investigated, discovered that Paul was the owner of the vehicle and concluded that Paul had driven the car to the bar. The State subsequently charged Paul with operating a motor vehicle while intoxicated and operating a motor vehicle with a prohibited blood alcohol concentration, both as a fourth offense.

¶3 Wisconsin law prohibits operating a motor vehicle with a blood alcohol concentration in excess of .08 or .02, depending on certain circumstances set forth in the statutes. *See* WIS. STAT. § 346.63(1)(b); WIS. STAT. § 340.01(46m). Pertinent here, because Paul had three previous OWI convictions, he was subject to the lower .02 blood alcohol concentration limit. Sec. 340.01(46m)(c).

¶4 Paul's case proceeded to a jury trial, and at the beginning of voir dire, the circuit court read the second charge to the prospective jurors as follows: "Mr. John Paul did operate a motor vehicle with a prohibited alcohol concentration of more than .02, did have a blood alcohol level of .292 in violation of Wisconsin law."

2

¶5    Subsequently, during voir dire, the prosecutor asked the prospective jurors:

> Now, the other thing is the prohibited alcohol concentration in this particular case is .02. Now, many of you may have heard of the .08, but in this instance, the prohibited alcohol concentration is .02. Now, is there any person here who thinks it's unfair that somebody could be prosecuted or convicted of the offense of operating a motor vehicle with a prohibited alcohol concentration of .02 percent or .02 grams per 210—I forgot, but per deciliter of the defendant's breath? So it's a .02 standard. Is there any person here who thinks that would be unfair?

The prospective jurors were not provided any reason or explanation for the application of the .02 limit.

¶6    Paul objected to the prosecutor's question and moved for a mistrial, asserting that the prosecutor's question prejudiced the jury because it implied that Paul was a repeat offender.

¶7    The circuit court denied the mistrial motion, stating:

> I do think it's fairly well known that the standard ... is .08. [The prosecutor] didn't belabor the point…. I think the general juror probably doesn't know why it's a .02. There are a lot of reasons why it could be—numerous offenses or a commercial driving license [and] other reasons … I don't think there's enough to cause a mistrial in this case.

¶8    The jury found Paul guilty of both charges. Paul appeals.

## DISCUSSION

¶9    Paul challenges the circuit court's denial of his motion for a mistrial. "Generally, in determining whether to grant a mistrial ... the circuit court must decide, in light of the entire facts and circumstances, whether the defendant can receive a fair trial. It examines whether the claimed error is sufficiently

3

prejudicial to warrant a mistrial." ***State v. Ford***, 2007 WI 138, ¶29, 306 Wis. 2d 1, 742 N.W.2d 61.

¶10    "A motion for [a] mistrial is committed to the sound discretion of the circuit court." ***Id.***, ¶28.  "The denial of a motion for mistrial will be reversed only on a clear showing of erroneous use of discretion." ***Id.***, ¶29.  A court properly exercises its discretion when it considers the relevant facts of record, applies the correct legal standard, and reaches a conclusion through a process of logical reasoning that a reasonable judge could reach.  ***State v. Robinson***, 146 Wis. 2d 315, 330, 431 N.W.2d 165 (1988).  The party alleging a misuse of discretion has the burden of establishing the misuse.  ***Colby v. Colby***, 102 Wis. 2d 198, 207-08, 306 N.W.2d 57 (1981).

¶11    Paul argues that the circuit court erroneously exercised its discretion in denying his mistrial motion because the prosecutor's question about the .02 blood alcohol concentration limit prejudiced the jury by implying that Paul was a repeat OWI offender, with prior OWI convictions.  Paul explains that at trial he "conceded that [he] was impaired and over the PAC [Prohibited Alcohol Concentration] limit" and that his sole defense was that "he did not drive the car to the bar that night."  He argues that the prosecutor's question drew the jury's attention to the .02 PAC limit and thus created the "risk that the jury would conclude that [he] was a repeat OWI offender, and as such, he probably drove drunk that night."

¶12    There are several problems with Paul's argument, including the following.  First, the prosecutor's question did not inform the prospective jurors that Paul had prior OWI convictions, and he points to nothing in the record supporting his argument that the question implied as much.  Second, neither did

the prosecutor's question provide jurors with any information regarding the .02 limit that they did not already possess—that the .02 limit applied, and that it differed from the .08 limit that jurors might be familiar with. Third, Paul did not stipulate to the validity of the blood alcohol concentration test results until after voir dire had been completed, and he does not now argue that the circuit court erred in informing the prospective jurors of the .02 limit during voir dire. Fourth, Paul does not explain why the court's reasoning, that the prospective jurors did not likely know why the lower .02 limit applied in this case and that there were several reasons in addition to prior convictions why it might apply, is irrational or wrong as a matter of fact or law.

¶13    Paul properly notes that our supreme court has recognized the prejudice resulting from the admission of evidence of prior convictions in an OWI case. *See* **State v. Alexander**, 214 Wis. 2d 628, 650, 571 N.W.2d 662 (1997) (stating that such evidence "does … tell a juror that the defendant has had a problem in the past, probably with drinking and driving [and] raises an inference that the defendant has a bad character and a propensity to drink and drive"). However, no such evidence was admitted here.

¶14    Paul asserts that, "The average juror, knowing full well that the usual PAC level is .08, would likely conclude that Mr. Paul was subject to a much lower level because he was previously convicted of operating under the influence." However, Paul provides no support for that conclusory assertion; nor does he point to anything in the record to counter the circuit court's reasoning to the contrary. Moreover, as noted above, it was the court that informed the prospective jurors that Paul was subject to the lower .02 limit, and Paul does not argue that the *court* prejudiced the jury in so doing.

¶15 In sum, Paul has not shown that the circuit court erroneously exercised its discretion in denying his mistrial motion on the ground that the prosecutor's question concerning the applicable blood alcohol concentration limit implied that Paul was a repeat OWI offender, with previous OWI convictions.

## CONCLUSION

¶16 For the reasons stated above, I affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.